JOHN MORAN *vs.* JOHN GOODWIN & another.

Essex.   Nov. 4, 1880. — Jan. 15, 1881.   AMES & ENDICOTT, JJ., absent.

A husband may maintain an action, under the St. of 1879, c. 297, for injury to his "means of support" by the intoxication of his wife, caused by intoxicating liquors sold to her by the defendant.

It is no ground of objection to the constitutionality of the St. of 1879, c. 297, that the defendant in an action, under that statute, to recover for injuries caused by the intoxication of a person to whom he sold intoxicating liquors, had a license to sell such liquors, and had not violated his license.

TORT under the St. of 1879, c. 297.   The declaration was as follows: "And the plaintiff says he is a married man and the husband of Bridget Moran; that he and the said Bridget have lived together as husband and wife in Lawrence since their marriage for more than four years past; that during said four years the defendants have carried on the business of liquor dealers in said Lawrence; that during said four years they have sold and delivered to the plaintiff's wife intoxicating liquors, and have delivered to her intoxicating liquors, and had the same charged to the plaintiff; that his said wife drank said intoxicating liquors, so sold and delivered to her as aforesaid, and in consequence thereof contracted habits of intoxication; that prior to, on and after the thirtieth day of April last, said defendants were notified of said Bridget's habits of intoxication, and not to sell or deliver his said wife any more intoxicating liquors, but the defendants, regardless of said notice and order of the plaintiff, continued to sell and deliver intoxicating liquors to his said wife after said thirtieth day of said April, and from time to time until the first day of October last; that his said wife drank said intoxicating liquors so delivered, and was made drunk and intoxicated therefrom, so that she was incapacitated from performing her duties as the plaintiff's wife and house-keeper, and so that she was unable to take care of their three children, and in consequence thereof the plaintiff has been greatly injured and damaged in his person and property and means of support, and has been deprived of the comfort and society of his said wife, and has been otherwise greatly injured and damaged, and by force and virtue of the statute in such case made and provided is entitled to recover damages therefor."

At the trial in the Superior Court, before *Aldrich*, J., the plaintiff offered evidence tending to prove the facts alleged in the declaration. The defendants requested the judge to rule as follows: " 1. A wife is under no legal obligation to support her husband, and therefore under the declaration the plaintiff cannot recover damages for injury to his 'means of support.' 2. The defendants having been licensed under the laws of this Commonwealth to sell liquor, and having complied in every respect with the provisions of their license, the St. of 1879, *c.* 297, making them liable for damages arising from sales made under said license, is unconstitutional and void."

The judge refused so to rule; and instructed the jury as follows: " Although the wife was under no legal obligation to support her husband, yet the jury are authorized to return a verdict for the plaintiff, if the evidence in the case satisfies them that the plaintiff's wife, when sober, did the work in his family, including cooking, washing and the general care of the house and the care of his minor children, and that by reason of the intoxication of his wife, caused by intoxicating liquors sold to her by the defendants, she was rendered incapable of performing said work and taking care of his house and children, and he thereby lost her services in those respects." No exception was taken by the defendants to any part of the instructions given.

The jury returned a verdict for the plaintiff in the sum of $275; and the defendants alleged exceptions.

*J. P. Sweeney*, for the defendants.

*E. J. Sherman & C. U. Bell*, for the plaintiff.

LORD, J. In the construction of a statute, all its language is to be regarded, not only for the purpose of showing the general purpose and object, but also to ascertain if any private or special wrong is to be remedied, or injury is to be redressed. The general purpose of the St. of 1879, *c.* 297, is expressed in its title: "An act to provide for the recovery of damages for injuries caused by the use of intoxicating liquors." The statute commences with a very unusual phraseology; a phraseology which the Legislature undoubtedly deemed peculiarly appropriate to the subject-matter of the statute: " Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated

person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action." We think this phraseology has a force, and gives character to the purpose of the Legislature, and the objects to be accomplished by it, beyond what would be found in the use of language as ordinarily applied in a statute, " any person who shall be injured," &c. We think the language itself imports that the relations of husband and wife, parent and child, guardian and ward, employer and employed, are valuable relations ; that they are themselves the subject of injury ; that those relations themselves may be so affected by the excessive use of intoxicating liquors as to constitute a substantial injury. That is, that drunkenness of a husband may be of substantial injury to the wife ; of the wife, to the husband ; of the parent, to the child ; of the child, to the parent, &c. ; and the subsequent provision that a married woman may sue in her own name and recover damages to her separate use, and the provision that a minor child may recover damages which shall be secured to the minor himself or to a trustee for his use, as the court may direct, tend also very strongly to show that the Legislature regarded as capable of injury the family and social relations, which drunkenness abases and destroys, and that the extent of such injury is a proper subject of judicial inquiry.

It is not necessary, however, to rely upon this construction of the statute to enable this party to maintain his action. His suit is brought for furnishing liquor which caused the intoxication of his wife. How far that intoxication was an injury to his means of support, was a question for the jury. That the relation of husband and wife may be such that in fact, as well as in law, the wife may be wholly or in part a means of support to her husband, is very clear ; and whether such relationship exists, and how far the means of support are injured, are purely questions of fact, to be determined by the jury upon proper instructions from the court, which in this case were given.

The claim that the statute is unconstitutional, because in derogation of the contract of license itself, clearly cannot be supported. The license is not a contract. The license is simply an authority to sell according to law, and subject to all the limitations, restrictions and liabilities which the law imposes.

*Exceptions overruled.*