CATHERINE McMAHON v. MARCEL DUMAS.

*Liquor traffic – Civil damage act—Evidence.*

1. The statute gives an absolute right of action to a wife against those who have caused or contributed to the intoxication of her husband which results in injury, and does not predicate her right of recovery upon knowledge on their part that he was a person in the habit of becoming intoxicated.

2. The questions whether the plaintiff's husband was intoxicated when he drank in defendant's saloon, and whether he was killed by a railroad train,—his body being found after daylight on the railroad track,—and by reason of intoxication, are held to have been properly left to the jury.

Error to Menominee.   (Stone, J.)   Submitted on briefs June 21, 1893.   Decided July 25, 1893.

Case.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*R. C. Flannigan,* for appellant, contended:

1. A person who sells liquor lawfully to an adult is not responsible for his death on account of his intoxication; citing *Bell v. Zelmer,* 75 Mich. 66; *Peacock v. Oaks,* 85 Id. 578; and the sale of liquor to a person in the habit of becoming intoxicated is lawful, unless, at the time of the sale, the person making it has knowledge of such fact; citing *Brockway v. Patterson,* 72 Mich. 128; *Fletcher v. Forler,* 83 Id. 52; *Faulks v. People,*

39 Id. 202; *People v. Parks*, 49 Id. 333; *People v. Roby*, 52 Id. 577.

· *W. H. Phillips* and *Frank Bracelin,* for plaintiff.

GRANT, J.    Plaintiff's husband was killed on the morning of October 12, 1890, before daylight, on the track of the Chicago & Northwestern Railroad.    The condition of his body, which was found after daylight, showed that he had been struck by a passing train.    Plaintiff claims that he came to his death by reason of intoxication, to which the defendant, a saloon keeper, contributed.    There was evidence tending to show that he was in the habit of getting intoxicated.    The plaintiff testified:

"My husband got drunk whenever he could get liquor, and, when he got his pay, he would spend more or less of his wages in drinking.    Sometimes he would spend five or six or seven dollars, and sometimes more.    He didn't get drunk oftener than twice a month.    Every time he would go out, of course, he would get drunk.    This was true of him for the last eight or nine years."

The deceased worked in a saw-mill at Carney, a small saw-mill town situated on the Chicago & Northwestern Railroad.    Nadeau, another small town on the same road, is two miles distant.    There were no saloons in Carney, but there were some in Nadeau, including the defendant's. The deceased left home between 6 and 7 o'clock in the evening, and went to Nadeau.    In going between these two places, it was common for foot passengers to walk upon the railroad track.    The deceased went to some of these saloons during the night, including that of the defendant, where he, with others, remained till between 12 and 1 o'clock in the morning.    The defendant says that he came there between 11 and 12 o'clock, and admits that he had one glass of beer and a glass of cider while there, and that he once saw him under the influence of liquor.    The deceased had purchased a bottle of whisky at another

saloon during the evening, and had also drunk at some of them. There was also evidence tending to show that the' deceased conducted himself that evening as he usually did when intoxicated, and that he spent the most of his time from 7 to 1 o'clock in the saloons.

The declaration is in the usual form in such cases. Plaintiff recovered verdict and judgment.

1. The evidence of intoxication at the time the deceased was in the defendant's saloon and drank there is weak, but we think there was some evidence tending to show that fact. The deceased was in the habit of getting intoxicated, and, according to the evidence of the plaintiff, his appetite for intoxicating liquor was strong, and he gratified it whenever opportunity offered. He had spent a considerable part of the evening and night in the saloons, and there was evidence tending to show that he was in defendant's saloon between one and two hours when the defendant was violating the law in keeping his saloon open. We do not think the court erred in refusing to instruct the jury that there was no evidence that the deceased was intoxicated.

2. It is contended that there was no evidence that the deceased was killed by the railroad train, or by reason of intoxication. It is urged in this behalf that the night was dark and stormy; that the deceased had no lantern; that he might have been killed for the purpose of robbery, and his body placed on the track; or that he might have stumbled and fallen on the rail, and injured himself, so as to be unable to avoid the train. We think all these were questions for the jury. Under the evidence, the manner in which he came to his death was for the jury, not the court, to determine.

3. The court instructed the jury that plaintiff could not recover unless she had proven either that the deceased was intoxicated when the defendant sold the liquor to him,

or that he was a person in the habit of becoming intoxicated. The learned counsel for the defendant insists that there can be no recovery in such cases without proof that the defendant knew that the person was in the habit of becoming intoxicated. The statute does not predicate the right of recovery upon such knowledge on the part of those selling intoxicating liquors. It gives an absolute right of action against those who have caused or contributed to the intoxication which results in injury.

Judgment affirmed.

The other Justices concurred.