DENNISON *v.* VAN WORMER.[1]

1. APPEAL—REFUSAL OF REQUESTS TO CHARGE.
   Errors assigned upon the refusal of requests to charge cannot be considered where the requests do not appear in the record.

2. INTOXICATING LIQUORS—CIVIL–DAMAGE LAW.
   The right of action conferred by the Michigan civil-damage law (3 How. Stat. § 2283e3) is limited to cases where the injuries are the direct result of acts done while intoxicated, or where they indirectly result by reason of the intoxication.

3. SAME—ACTION BY WIFE—INSTRUCTIONS.
   Hence, in an action by a wife for injury to her means of support, arising from the imprisonment of her husband upon his conviction of burglary committed while intoxicated, an instruction authorizing a recovery if the jury should find that the husband formed the intent to commit the offense by reason of the intoxication, or that he was so intoxicated at the time as to be incapable of forming any intelligent intent, is sufficiently favorable to the plaintiff.

Error to Genesee; Wisner, J. Submitted December 5, 1895. Decided December 17, 1895.

Case by Harriet Dennison against Charles W. Van-Wormer, a saloonist, and Myer Ephraim and Thomas Doyle, his bondsmen, under the civil-damage act. From a judgment for defendants, plaintiff brings error. Affirmed.

*David P. Halsey,* for appellant:

Counsel cited, in addition to the cases referred to in the opinion, *McMahon* v. *Dumas,* 96 Mich. 467; *Beers* v. *Walhizer,* 43 Hun, 254; *Mead* v. *Stratton,* 87 N. Y. 493; *King* v. *Haley,* 86 Ill. 106.

*Johnson & Stevens,* for appellees.

---

[1] Rehearing denied March 3, 1896.

McGrath, C. J. This is case against a saloon keeper and his bondsmen. The declaration alleges that the sale occurred on Sunday; that plaintiff's husband was intoxicated at the time of the sale, and was in the habit of getting intoxicated, to defendant Van Wormer's knowledge; that he drank the liquor sold to him, and became more intoxicated; that while so intoxicated, and being thereby deprived of his reason, he committed the crime of burglary, by breaking and entering a certain store in the night-time, for which crime he was arrested, tried, and convicted, and sentenced to the house of correction for the term of three years. It appeared upon the trial that the husband had previously committed like offenses, and had served time in Detroit and Cleveland for two of them. The jury returned a verdict of no cause of action.

The errors assigned upon the refusal of the court to instruct as requested cannot be considered. The requests do not appear in the record. *Baylis* v. *Stout*, 49 Mich. 215.

The court instructed the jury that, to entitle plaintiff to recover, they must find "that while intoxicated at such time, and by reason thereof, he formed the intent of entering the store and committing the offense for which he was convicted, or that, when he entered the store to commit the offense, he was intoxicated to such an extent as to be incapable of forming any intelligent intent, or to realize the true character of the act which he committed,—either that by reason of the intoxication he formed the intent to enter the store, or that he was intoxicated to such a degree that he was incapable of forming an intent."

A number of witnesses were sworn as to whether the husband was intoxicated at the time of the burglary. Three of them testify that he was not intoxicated; one, that he did not act as though intoxicated; and three say that they thought that he had been drinking, but would

not say that he was drunk. There was also evidence tending to show that the husband, in making his exit from the store, went out by the back way, then up the back stairway, and down the front stairs of another building, to cover his tracks. Thus we have a case involving criminal intent and purpose, which are not ordinarily the results of intoxication. It does not involve destruction of property, or injury thereto, or injury to person. The crime for which the conviction was had involved a breaking and entering with intent,—an act done by one who had committed a number of thefts; one who had been twice convicted of like offenses; who had been discovered on other occasions trying to enter other places, evidently with the same purpose; who had earned the appellation of "thief and burglar."

The language of the statute (3 How. Stat. § 2283e3) is:

"Every wife, child, parent, guardian, husband, or other person who shall be injured in person or property or means of support or otherwise by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving, or furnishing any spirituous, intoxicating, fermented, or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury."

This statute clearly refers to such injuries to persons, property, or means of support as are the direct results of the acts done while intoxicated, and to such other injuries as indirectly result by reason of the intoxication. In *Brockway* v. *Patterson*, 72 Mich. 122, Lane and Brockway were both intoxicated, and quarreled, Lane striking Brockway and causing his death. In *Thomas* v. *Dansby*, 74 Mich. 398, Thomas and Free were both intoxicated, and the former's leg was broken by the latter. In *Wright* v. *Treat*, 83 Mich. 110, the buggy in which plaintiff was riding was overturned, and plaintiff was injured, by a col-

lision with a vehicle driven by Wells and Shafer, who were intoxicated and were recklessly driving. In *Doty* v. *Postal*, 87 Mich. 143, plaintiff's husband was killed by an intoxicated person. In *Eddy* v. *Courtright*, 91 Mich. 264, plaintiff's adult son was drowned while intoxicated. In *Neu* v. *McKechnie*, 95 N. Y. 632, plaintiff's father killed the former's mother and then himself while intoxicated. In these cases the act done injured plaintiff's person, or took from plaintiff the means of support. In the present case, plaintiff's husband was not injured or killed by an intoxicated person, nor did the act done by him cut off her support. The act done was not a direct blow at her person, property, or means of support. It was his arrest, conviction, and sentence which deprived her of his aid. And, too, a felonious intent was an essential ingredient of the crime for which he was convicted. Whether that conviction was or was not conclusive, it is unnecessary here to determine. The trial court submitted the question to the jury under instructions most favorable to plaintiff.

As to the refusal of the court to permit plaintiff to answer the two questions, it appears that the subject-matter was fully covered by her testimony, and answers given to these very questions.

The judgment is affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.