MARY E. COLBURN *vs.* JAMES H. SPENCER & another.

ALVAH F. COLBURN *vs.* SAME.

KENNETH W. COLBURN *vs.* SAME.

Norfolk.    November 20, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action under Pub. Sts. c. 100, § 21, by the wife or children of a person alleged to have been run over by a railway train in consequence of his intoxication caused by liquor sold to him by the defendant, it is not necessary to show exactly how the accident happened or that it was seen by any person, if there is evidence justifying a finding that it was due to the intoxication of the injured person caused in the manner alleged.

THREE ACTIONS OF TORT under Pub. Sts. c. 100, § 21, brought respectively by the wife and minor children of Alvah B. Colburn for loss of support, by reason of injuries alleged to have been suffered by him from being run over by a railway train in consequence of his intoxication caused by liquor sold to him by the defendants. Writs dated September 12, 1899.

At the trial in the Superior Court, before *Gaskill,* J., the defendants asked the judge to rule, that on all the evidence none of the plaintiffs were entitled to recover. The judge refused so to rule.

The jury returned a verdict for the plaintiff in each of the three cases; and the defendants alleged exceptions. The substance of the evidence is stated in the opinion of the court.

*J. P. Lyons,* for the defendants.

*O. A. Marden,* for the plaintiffs.

BARKER, J. These cases are here upon a statement of the evidence and the defendants' exception to the refusal to rule

that upon all the evidence the plaintiffs were not entitled to recover. The defendants' only contention before us is that there was no evidence tending to prove that the accident to the person, who was the husband of the plaintiff in the first case, and the father of the plaintiffs in the other cases, was due to his intoxication. He was run over by the cars of a steam railroad at a road crossing near a passenger station to which he walked in an intoxicated condition from the defendants' saloon. At the station, shortly before he was run over, he had purchased a ticket for the place where he lived. He failed to take the train, and after it had gone went to the waiting-room and lay down upon a settee. He left the station, in consequence of the advice of the station-master, going out by the door leading to the tracks. He testified that he did not remember leaving the saloon, nor anything that happened afterward until he was sitting on the track with both feet crushed. From all this it is a reasonable inference that the accident was due to his intoxication. See *Commonwealth* v. *Doherty*, 137 Mass. 245. Just how the accident happened, if due to his intoxication, was immaterial.

*Exceptions overruled.*