JOHN McNARY & another vs. HOWARD BLACKBURN.

Essex.    November 6, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Intoxicating Liquors*, Civil action.

In an action by a parent under Pub. Sts. c. 100, § 21, for injury in his means of
support, the selling of intoxicating liquor by the defendant to the plaintiff's son
may be found to be the proximate cause of his being run into by a railroad train
while reeling on the track in a drunken condition two or three hours later.

In an action under Pub. Sts. c. 100, § 21, for an injury alleged to have been caused
by the defendant selling intoxicating liquor to the plaintiff's son, an instruction,
that the plaintiff must prove that the intoxication was the natural and proxi-
mate cause of the injury is correct without inserting the word "necessary,"
and a refusal to insert this word is right.  The defendant would be none the
less liable because the particular result could not have been foreseen as neces-
sary at the time of his act.

In an action under Pub. Sts. c. 100, § 21, by parents alleged to have been injured
in their means of support in consequence of the intoxication of their son caused
by liquor sold to him by the defendant, it appeared, that the plaintiffs lived in
Nova Scotia where the father made his living by fishing in a small boat, that
the son injured in consequence of the intoxication was the second of nine chil-
dren and was twenty-six years old at the time of the accident, that two years
before the accident he came to Massachusetts and since then had sent money to
his parents at different times, about $170 in all, and that sometimes his mother
had sent to him for money and he had responded and the money was used for
support in the household, that by the accident one of his arms was made per-
manently useless, and thereafter he earned little or nothing.  *Held*, that the
jury were warranted in finding that the help of the son was one of the plaintiffs'
means of support and was taken away; that the statute applies to a case of
partial dependence and gives a remedy to parents injured in their actual means
of support by the loss of help from a child, without regard to their having a
legal right to the help.

HOLMES, C. J.    This is an action brought under Pub. Sts.
c. 100, § 21, by the parents of Dennis McNary, for an injury in
their means of support in consequence of his intoxication, alleging
it to have been caused by the defendant.    The case is here on ex-
ceptions to the judge's refusal to make certain rulings requested.
Two of these were, in substance, that the plaintiffs had no
right or legal claim to support from their son, and that the injury
was too remote, and that therefore the action could not be main-
tained; a third that the plaintiffs could not recover without
proving their poverty and dependence upon their son.    There

was also an exception, not much pressed, to the omission of the word "necessary" from a ruling requested that the plaintiffs could not recover unless the intoxication caused in whole or in part by liquor sold to Dennis McNary by the defendant was the natural, necessary and proximate cause of his injury. No question was raised as to the joinder of the father and mother as plaintiffs.

There was evidence of the following facts. The defendant was engaged in the illegal sale of intoxicating liquors. On June 12, 1897, between 12 M. and 1 P. M., Dennis McNary got from him at his bar three glasses of whiskey and a bottle of liquor. On leaving, McNary showed signs of intoxication. At about three he took the train from Gloucester to Manchester, then being obviously intoxicated. At about eleven minutes past three he was put off the train lawfully at West Gloucester. He started to walk by the track to Manchester, in spite of the efforts of the station agent to prevent him, and was struck a few minutes later by a following train. When the engineer of that train first saw him he was by the side of the track, but as the train came up with him he reeled against the cylinder of the engine and his arm was made permanently useless. The plaintiffs live in Nova Scotia. The father made his living by fishing in a small boat. There were nine children, Dennis being the second, and the oldest son. At the time of the accident he was twenty-five or twenty-six years old. Until 1895 he had lived with the plaintiffs, fishing like his father, and had given them all his earnings. Then he came to Massachusetts, and since then he had sent money to his parents at different times, — in all, according to the mother's statement, about $170.

She testified that sometimes she sent for money and he responded. The money was used for support in the household. From the time of his injury until 1899, McNary made nothing. Then he returned to Nova Scotia, set up a small grocery store, making a dollar, sometimes two dollars, a week, boarding with his parents and paying what he could, from half a dollar to two dollars a week.

It was not argued that the statute does not confer rights upon non-resident aliens, and therefore we do not discuss the point. The statute is not the same as the one considered in *Mulhall* v.

*Fallon*, 176 Mass. 266, and some of the reasoning in that case would not apply to this, but there are other arguments for its universal application and we do not mean to intimate a doubt. We simply assume what the defendant did not dispute. It was not argued either that an injury in the plaintiffs' means of support because of the disabling of the intoxicated person is not within the statute. An injury so caused was assumed, rightly we have no doubt, to be within the section cited in *Colburn* v. *Spencer*, 177 Mass. 473. See *Moran* v. *Goodwin*, 130 Mass. 158. *Colburn* v. *Spencer* arose upon an accident like the present, and disposes also of the ruling asked that the sale of liquor was not the proximate cause of the injury. See further *Schroder* v. *Crawford*, 94 Ill. 357; *Meyer* v. *Butterbrodt*, 146 Ill. 131; *McMahon* v. *Dumas*, 96 Mich. 467; *Davies* v. *McKnight*, 146 Penn. St. 610; *Cornelius* v. *Hultman*, 44 Neb. 441. We do not suppose that it would be argued that a fit of intoxication beginning or considerably fortified between twelve and one could not be found to continue until a few minutes after three. No point is made of the fact that McNary, after leaving the defendant, got another bottle of liquor elsewhere. What he did with it does not appear, and the statute imposes the liability if the intoxication was caused in part by the defendant.

If the intoxication was the natural and proximate cause of the injury, in the words of the instruction, it was in one sense the necessary cause of it. If the insertion of the word " necessary " in the request meant that the result must be one which ought to have been foreseen as necessary, at the time of the sale, it unduly restricted the words of the statute. The statute imposes the liability for an injury " in consequence " of the intoxication. If we assume that those words are limited to such a connection of consequence as is recognized by the common law, men are held liable every day in tort for the natural and proximate results of their wrongs, although the particular result could not have been foreseen specifically as necessary at the time of the act. See *Eddy* v. *Courtright*, 91 Mich. 264, 268; *Brockway* v. *Patterson*, 72 Mich. 122, 126; *Dunlap* v. *Wagner*, 85 Ind. 529; *Roth* v. *Eppy*, 80 Ill. 283. It is not necessary to consider how the case would have stood if the railroad company had been found to blame.

As to whether an injury to the plaintiffs' means of support was made out, it is manifest from the facts which we have stated that the plaintiffs were in very humble circumstances, and it might be inferred from the mother's sometimes sending to her son for money that they actually needed his help. The jury were warranted in finding, and, indeed we have no doubt, that what the son sent, little as it was, not only went for support but was needed for it. The help of their son, in other words, was one of the plaintiffs' means of support, and it was taken away. This statute, even more clearly than the one construed in *Mulhall* v. *Fallon*, 176 Mass. 266, 267, applies to a case of partial dependence, and we are of opinion that it gives a remedy to parents injured in their actual means of support by the loss of help from a child, without regard to their having a legal right to the help. *Eddy* v. *Courtright*, 91 Mich. 264, 268. See *Moran* v. *Goodwin*, 130 Mass. 158; *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1. The judge when he refused to rule that the plaintiffs must prove their poverty and dependence read the statute to the jury and showed by what he said that he understood the request to mean, as probably it was intended to mean and as it now is argued, that the plaintiffs must make out a legal right. He left no doubt that they could recover only the direct loss of means of support. See *Mead* v. *Stratton*, 87 N. Y. 493; *McMahon* v. *Sankey*, 133 Ill. 636.

*Exceptions overruled.*

*J. J. Burke*, (*W. W. French* with him,) for the defendant.
*M. J. McNeirny*, for the plaintiffs.