MARTIN *v.* FISHER.

1. Trial—Verdict—Special Findings—Consistency.

Plaintiff sued defendant for selling liquor to her husband who, while under its influence, attempted an assault on another and was killed.   The jury rendered a general verdict for plaintiff and specially found (1) that the husband was not so far under the influence of liquor as to be incapable of forming an intent; (2) that he went to the scene of the killing for the purpose of committing a crime which he had previously planned; (3) that he came to his death on account of his own wrongful act.   *Held*, that a further special finding that the fact that he procured the liquor was the cause of his death, was in direct harmony with the general verdict and nothing in the other findings was inconsistent therewith, it not appearing that his intent was formed before procuring the liquor.

2. Stipulations — Agreement to Avoid Continuance — Violation.

After the institution of plaintiff's action, criminal prosecution was begun against one defendant and a witness for conspiring to get the witness out of the jurisdiction, whereon defendants in the civil case sought a continuance, to avoid

which, plaintiff's attorney agreed in open court that if the
case proceeded he would not inquire into the arrest or try to
prejudice the case thereby, and the continuance was refused.
*Held*, that plaintiff's attorney, by asking the witness ques-
tions concerning his receiving money from said defendant
and leaving the county, and referring in argument to the
moral turpitude of defendant for such act, violated the
agreement to the prejudice of defendants.

3. INTOXICATING LIQUORS—DRUGGIST'S BOND—ACTION—EVIDENCE.
In an action on a druggist's bond for selling liquor to plaintiff's
husband, who, while under its influence, was killed in as-
saulting another, the situation and condition of the plaintiff,
and her dependence on her husband are proper matters for
the consideration of the jury.

4. SAME—ACTION AGAINST SURETY—EVIDENCE.
As against the sureties on such bond, it is error to permit evi-
dence of great excitement at the time of such killing, and of
the feeling against the principal on the bond.

5. SAME—EVIDENCE.
It is error to allow plaintiff to cross-examine defendant sureties
as to how many such bonds they were on, and whether the
wholesale dealers were not back of them, and giving them
security.

6. TRIAL—ARGUMENT OF COUNSEL—PREJUDICE.
It is error to permit counsel in argument to present to the jury
as facts matters wholly outside the record, and not reprimand
counsel or strike the prejudicial argument from their consid-
eration.

Error to Van Buren; Carr, J. Submitted October 18,
1905. (Docket No. 71.) Decided March 27, 1906.

Case by Bertha Martin against George W. Fisher,
a druggist, and Judson J. Moses and Andrew A. Baxter,
his bondsmen, under the civil-damage act. There was
judgment for plaintiff, and defendants bring error. Re-
versed.

*Thomas J. Cavanaugh* and *A. Lynn Free*, for appel-
lants.

*Barnard & Lewis* and *Benjamin F. Heckert*, for ap-
pellee.

McALVAY, J. Defendant Fisher, a druggist in the village of Lawrence, Van Buren county, was principal and his codefendants were sureties on a druggist's bond. Van Buren county is a local option county. Plaintiff sued defendants on this bond, averring that defendant Fisher unlawfully sold intoxicating liquor to her husband, and that as a result she lost her means of support, and suffered shame and disgrace. The alleged sales occurred October 31, 1903. On the evening of this day, after drinking the beer procured during the afternoon and evening, plaintiff's husband, with others, went to the house of a man named Smith, with whom Martin had previously had difficulty, intending, as the testimony states, to "do him up." Smith was away from home at the time, and Smith's wife and her son were there. Martin threatened violence and a serious assault upon these parties, and was shot and killed by the young man in defense of himself and mother. The issue was submitted to the jury, who rendered a verdict in plaintiff's favor. We are asked to reverse the judgment of the circuit court for several reasons.

The principal defendant, Fisher, was not served with process. The sureties were duly served, and defended the suit. A motion for a new trial was made upon the ground that the general verdict of the jury was contrary to the special findings. These special findings were:

"1. Was Martin, on the night or at the time he came to his death, so far under the influence of liquor as to be incapable of forming an intent?

"Answer. No.

"2. Did Martin go to the place where he met his death for the purpose of committing a crime which he had previously planned?

"Answer. Yes.

"4. Did Martin come to his death on account of his own wrongful act and when he was about to commit a crime previously planned?

"Answer. Yes."

There was also another special finding, which is material:

"5. Was the fact that Martin procured the intoxicating liquor the cause of his death either directly or indirectly?

"Answer. Yes."

The trial judge in denying the motion held that the affirmative answer to the fifth question was in direct harmony with the general verdict, and that nothing appeared in the first, second, or fourth questions and answers inconsistent with such verdict.

We agree with the trial judge. There is nothing in these questions to indicate that the intent was formed by Martin before this afternoon and evening in question, after he had begun drinking beer procured from the drug store, and the findings of the jury, in answer to these questions, are not inconsistent with the general verdict. The case of *Dennison* v. *Van Wormer*, 107 Mich. 461, relied on by appellants is distinguishable from this case. In that case this court said:

"Plaintiff's husband was not injured or killed by an intoxicated person, nor did the act done by him cut off her support."

In the case at bar the jury found that the fact that Martin procured intoxicating liquor was the cause of his death.

During the October term of court, November 4th was the day this case was set for trial. After this date was fixed, and on October 29th, Mr. Barnard, plaintiff's attorney, made a criminal complaint against defendant Baxter and one Bert Lawton, jointly charging them with conspiracy by the use of money to deprive plaintiff of the testimony of Lawton, a material witness for her in this case, by getting him out of the jurisdiction. Baxter was arrested November 2d, Lawton was found in Newaygo county, and was arrested and brought back, and was in custody at the time of the trial. A motion for continuance was made by defendants on the ground that said criminal charge against defendant Baxter, then pending, to which he had a full and complete defense, would greatly

prejudice and injure defendants if forced to trial at that term, and that the criminal charge would be disposed of before the next term of court. This motion came on to be heard and during the argument attorney Barnard—

" Agreed in open court that if the case came on for trial he would not inquire into the arrest of Mr. Baxter, nor try to prejudice the case on account thereof.

" Whereupon the court denied the motion for a continuance, stating that he would accept Mr. Barnard's statement, and that the question of arrest should not be gone into."

During the trial which proceeded on November 4th, the witness Lawton was produced for plaintiff, and examined by Mr. Barnard relative to conversations with defendant Baxter, as to money received from Baxter, and as to where he went after receiving it; claiming the right to show that he did not appear, and was not there in answer to a subpœna. Defendants objected to each of these questions on the ground that they were incompetent and immaterial and contrary to the agreement counsel made in open court when the motion for continuance was denied. The court overruled these objections, and exceptions were taken. In closing the case to the jury, Mr. Barnard reviewed all this testimony, and referred to the arrest of Lawton and the turpitude of Baxter in hiring him to leave the country. All of this testimony was certainly most prejudicial to defendants. The attorney had made a solemn promise in open court that he would not do this. The court relying on this pledge had denied the continuance. In view of the agreement made the court erred in allowing this testimony to be introduced.

There are in this case many assignments of error. It will only be necessary for us to say of some of them that they are not of sufficient importance to be considered, in view of the fact that in all probability they will not recur on a new trial.

As to the question of the ownership of the drug store at the time of the sales, it is enough to say that it was one

of the material facts in dispute in the case and was properly submitted to the jury. The situation and condition of plaintiff and her dependence upon her husband for support was also a proper matter to submit to the jury. *Weiser* v. *Welch*, 112 Mich. 134.

On cross-examination of defendants' witness Sweet, the witness, under objection and exception by defendants, was allowed to testify that there was great excitement over the shooting; that defendant Fisher was under condemnation of the whole community; that people were condemning and criticising him for selling liquor illegally. The court erred in allowing such testimony. There was nothing in the direct examination warranting it. It was immaterial and irrelevant to the issue. Its admission could have no other effect than to prejudice Baxter and Moses, sureties on the bond of Fisher, who was not before the court.

Error is assigned because plaintiff was allowed to ask defendant Moses, on cross-examination, subject to exception, on how many druggists' bonds he was surety; if Fisher had sold liquor between October 24th and 29th, he would have been guilty of keeping a place, not being a druggist under the local option law; also if it was not a fact that, on all the drug bonds he had signed, the wholesale dealers were back of him, and had given him security. This was immaterial, not proper cross-examination, and was prejudicial error.

Other exceptions were taken to the argument of plaintiff's attorney to the jury. There are 24 assignments of error on this branch of the case. It is claimed by plaintiff that at the time no exceptions were taken to these objectionable paragraphs set forth in the bill of exceptions. If there had been we do not hesitate at all in saying that they would all of them have been sustained by this court. The record does show affirmatively that exceptions are taken to some of them. Matters wholly outside of the record were presented to the jury as facts. The court did not reprimand counsel, or strike the preju-

dicial argument from their consideration. It was error to permit such conduct. Arguments of this character have no place in the orderly conduct of trials in courts of justice, and will not be permitted by this court.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.