## WILSON v. DETROIT UNITED RAILWAY.

1. DAMAGES—PERSONAL INJURIES—PERMANENT INJURIES—RENDERING PLAINTIFF INCAPABLE OF EARNING—EXCESSIVE VERDICT.

   Where plaintiff, 39 years of age, earning $91 a month at the time of the injury sued on, was rendered permanently unfit as a wage earner, and the evidence shows that between the time of the injury and the trial he had lost $2,500 in earnings and that he had suffered greatly during this period, it cannot be said that a verdict for $6,000 is so grossly excessive that of itself it shows prejudice, passion, or partiality on the part of the jury.

2. APPEAL AND ERROR—EXCESSIVE VERDICT.

   The Supreme Court may not, on error, set aside a verdict as excessive by substituting its judgment for that of the jury.

3. TRIAL—CONDUCT OF COUNSEL—EVIDENCE—HARMLESS ERROR.

   Where plaintiff's counsel asked him if he had any children, stating that the question was asked in view of defendant's claim that he had chronic venereal disease, and the court declined to receive the answer, held, not error, where there is nothing to indicate that counsel did not act in

On excessiveness of verdicts in actions for personal injuries other than death generally, see comprehensive note in L. R. A. 1915F, 30.

good faith, and the fact that plaintiff had children had already been testified to without objection.

**4. SAME—INSTRUCTIONS—QUESTION FOR JURY.**

Where clinical reports of a hospital giving certain data of plaintiff's physical condition were received in evidence, and the person making such entries was not called as a witness, but the senior surgeon who signed them testified that while some of the facts stated therein were within his personal knowledge, others were not, and on cross-examination stated that "clinical records are not infallible by a long ways; they are frequently wrong, I will say," and many of the facts found in said reports were denied by plaintiff, the trial court was not in error in instructing the jury: "As to these hospital records, they have been received in evidence in this case. Their probative effect, that is, how much of them you believe, or how much of them you disbelieve, is left solely as a question for your determination."

Error to Wayne; Hunt (Ormond F.), J. Submitted October 10, 1919. (Docket No. 29.) Decided December 23, 1919.

Case by Walter Wilson against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellant.

*Wurzer & Wurzer,* for appellee.

FELLOWS, J. Plaintiff brings this action to recover damages for personal injuries received in a collision between the car in which he was a passenger and another street car in the city of Detroit. He had verdict and judgment for $6,000. Liability of defendant and absence of contributory negligence of plaintiff are not denied. The principal contention of defendant is that the trial judge was in error in refusing a new trial sought on the ground that the verdict is excessive.

The accident occurred October 21, 1916.  Plaintiff was then 39 years old.  For a number of years he had been mate on the boat "Anona" owned by Mrs. T. D. Buhl.  About nine months before the accident he left that position and went to work in a building owned by Mrs. Buhl where he ran the elevator and did some janitor work.  He was earning at the time of the accident $91 per month.  He had received a fall while at work on the boat and defendant claims the injuries then received, together with other physical ailments, necessitated his retirement from that service and caused his present condition; that he was given light employment by Mrs. Buhl, but that he then had a tubercular knee which rendered him unfit for hard labor, and that plaintiff's present condition is but the result of a progressive disease for which it is not liable; that prior to the street car accident plaintiff was obliged to use crutches and had them with him when injured.  Plaintiff, on the other hand, insists that neither the fall nor his physical condition caused the change of work; that, while he was afflicted at times with rheumatism and on occasion used his crutches, he was able to work; that the street car accident caused his present condition and particular stress was made that the accident aggravated and accelerated any diseased condition then existing.

A careful examination of this record convinces us that the overwhelming weight of the evidence establishes that plaintiff had a tubercular knee at the time of the accident and had been treated for it at different times; that the disease is a progressive one, which might be retarded for a number of years, but which sooner or later was liable to develop with serious results and was not curable.  The undisputed testimony shows that at the time plaintiff was examined by the physicians he had a hernia, undoubtedly of some years standing; such examination also disclosed that there

had been three incisions in the scrotum. Hospital records offered by defendant tended to show that he had at one time been afflicted with gonorrhea which defendant claimed was chronic. The testimony of the tenants in the building where plaintiff worked is quite convincing that he was able to do his work up to the time of the accident. The testimony tends strongly to establish that after the accident the tubercular condition developed, the hip bone became involved, the muscles atrophied, the joints ankylosed; his weight decreased from about 140 pounds to 111 pounds; that he suffered much pain, his disability is permanent, and that he is wholly unfit to further perform manual labor.

The testimony shows that there were some immediate effects of the accident, the plaintiff was rendered unconscious, was taken to a hospital where he remained some seven weeks, his knee was put in a cast and weights were applied to his limb; but in the main the aggravation of existing conditions was most strongly pressed and the verdict no doubt is largely based on that feature of the case.

May we say upon this state of facts that the trial judge who heard all the testimony, saw the plaintiff, and was in much more advantageous position to pass upon the question, erred in holding that the verdict was not so excessive for the injuries resulting from this accident as to warrant the granting of a new trial on this ground? While the testimony is convincing to us that the plaintiff had been treated for tuberculosis of the knee prior to the accident, there was reliable testimony given upon the trial that it was of a "slow type," "latent," that plaintiff had "a little tuberculosis which possibly would never have bothered him," and that an injury "would wake up the tuberculosis," cause it to develop and spread to the hip,

and produce the condition the testimony disclosed plaintiff was in at the time of the trial.

If this plaintiff at the time of the accident, notwithstanding his physical condition, was able to discharge the duties connected with his employment and earn $91 per month, and by reason of the accident has been rendered permanently unfit to longer continue as a wage earner, and a latent or slow case of tuberculosis was caused to be developed into an active one, thus shortening his life and depriving him during the remainder thereof of his earning power, then, plaintiff was entitled upon this record to a verdict in some amount. There was sufficient evidence in the case to warrant the jury in finding such to be the situation and to award him a verdict. May this court say, having due regard for the functions of the jury, that the amount awarded was so excessive as to require its vacation? The trial occurred upwards of two years and three months after the accident. Plaintiff's earnings during the period intervening at his then wage would have approximated $2,500. He had suffered greatly during this period, and it cannot be doubted upon this record that his ability to work is at an end. In the recent case of *Fishleigh* v. *Railway*, 205 Mich. 145, we fully discussed the question of excessive verdicts, and, therefore, need not go over the ground again. The functions of the jury, the trial judge and the appellate court are well understood. We have searched this record in vain to find appeals to prejudice, passion or partiality that would justify us in saying that the verdict was the result of anything other than the evidence in the case; nor can we say that the verdict is so grossly excessive that of itself it shows prejudice, passion or partiality on the part of the jury. We could only set this verdict aside by substituting our judgment for that of the jury. This, under the repeated decisions of this court, we may not do.

We have examined the other errors assigned and are unable to discover reversible error in any of them. But two of them will be considered. Plaintiff was asked by his counsel the question, "Have you any children?" This was objected to and plaintiff's counsel stated in substance that it was asked in view of the claim of defendant that plaintiff had a chronic venereal disease; that he desired to show that plaintiff had children. The court declined to receive the testimony. The incident is assigned as error, and *McKormick* v. *City of West Bay City,* 110 Mich. 265; *Rickabus* v. *Gott,* 51 Mich. 227; *Phillips* v. *Benevolent Society,* 120 Mich. 142, and *Martin* v. *Fisher,* 143 Mich. 462, are cited. There is nothing in this record indicating that plaintiff's counsel did not act in good faith in asking the question and in stating the purpose for which he asked it; but beyond that it had already appeared from the testimony of plaintiff's family physician without objection that plaintiff had children.

Defendant introduced several clinical reports of the Marine Hospital giving a record, history, treatment, and other data of plaintiff's physical condition at times before and after the accident. The plaintiff denied many of the facts found in these reports, including in his denial the fact of treatment at the hospital at the times stated before the accident. The person who made the entries in these reports was not called as a witness but the senior surgeon, who signed them, was. While some of the facts stated in the reports were within his personal knowledge, others were not. In answer to a question asked on cross-examination, he stated:

"Clinical records are not infallible by a long ways; they are frequently wrong, I will say."

The trial judge in his charge to the jury said:

"As to those hospital records, they have been received in evidence in this case. Their probative effect,

that is, how much of them you believe, or how much of them you disbelieve, is left solely as a question for your determination."

This is assigned as error. We think in view of the testimony above quoted this instruction was justified.

Finding no reversible error, the judgment is affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.