BARNABY *v.* VORAUER.

TRIAL—EVIDENCE—ARGUMENT OF COUNSEL—NEW TRIAL.
> In an action for personal injuries, where counsel for plaintiff brought out the fact that plaintiff is the mother of a son who was killed in France, and that defendant was born in Austria, and in his argument to the jury implied that the reason why defendant got mad when asked his nationality was because he was not a good American citizen, a situation was presented which was prejudicial to defendant, and defendant's motion for a new trial should have been granted.

Error to Kent; Perkins (Willis B.), J.   Submitted June 11, 1920.   (Docket No. 77.)   Decided December 21, 1920.

Case by Mary E. Barnaby against Richard E. Vorauer for personal injuries.   Judgment for plaintiff. Defendant brings error.   Reversed.

*John M. Dunham,* for appellant.

*C. G. Turner* and *Horace T. Barnaby,* for appellee.

MOORE, C. J.   A writ of error was issued in this case to review a judgment against defendant for damages growing out of an automobile accident.   A verdict was rendered for plaintiff in the sum of $2,500, upon which judgment had been duly entered.   Plaintiff's costs were taxed in the sum of $84.40.   A motion for a new trial was duly made, argued and denied. Exceptions were taken to the reasons of the court for denying said motion and the case is now in this court for review.

There are 17 assignments of error which are discussed at length under 6 groups.   An examination of

the record shows that in the main the case was tried with care by counsel and the court. There is one phase of the case, however, which must be persuasive in our disposition of the case. The husband of the plaintiff was a witness; he testified in part:

"I am a practicing attorney and have practiced in Grand Rapids since 1903. The plaintiff is my wife. We were married on the 5th day of April, 1893. The day of this accident was our anniversary, our 26th anniversary. We have three children, two boys and a girl living and one deceased.
"Q. One deceased?
"A. Yes, sir.
"Q. How long since?
"A. He was killed in France last year."

In the cross-examination of the defendant the following appears:

"My car is a 1917 Grant Cabriolet. That is the proper expression, because you can put it up.
"Q. Where did you get that proper expression?
"A. From their catalog.
"Q. Cabriolet?
"A. Cabriolet.
"Q. That is an expression they use over in the old country?
"A. No, sir.
"Q. They use it over in Austria?
"A. Yes, sir.
"Q. Did you live in Austria?
"A. That has nothing to do with the question.
"Q. Don't you know?
"A. I lived in Austria.
"Q. That you used to live in Austria?
"A. When I lived in Austria there were no cars.
"Q. How long did you live in Austria?
"A. Oh, about 35 years ago.
"Mr. Dunham: Just a minute. I don't think this line of cross-examination is competent. It is prejudicial and put in purely for prejudicial purposes.
"The Court: I don't think it is material.
"Mr. Turner: Well, now, your honor, I think I am

entitled to have the cross-examination. Of course, I am going outside the line of regular cross-examination, and I am subjected to censure and I take an exception.

"*Mr. Dunham:* Well, counsel well knows what he is entitled to.

"*Mr. Turner:* I think I have a right to cross-examine this witness and I think I have not gone outside of my rights."

In his argument to the jury the counsel for the plaintiff said in part:

"*Mr. Turner:* (*Arguendo*) I submit right here as long as my brother has spoken about it, and as long as he has brought that part of this issue before you, he brought it before you, didn't he? He said that I brought that in for the purpose of prejudicing you, and I did not, and I want to ask you—I submit it to you: Why was Mr. Vorauer so touchy when I asked him about his nationality? Why did he say, 'that is none of your business, that has nothing to do with this case?' If he was an honest, upright American citizen why didn't he stand up and say 'I am an American citizen, I am of Austrian birth, but I am an American citizen?' Oh, no, he got mad about it and prejudiced himself. That is what he did, and when you bring that kind of a proposition into this case, gentlemen of the jury, I ask you what is the reason he got mad because I asked him what his nationality is? I am not going to get mad if a man asks me what my nationality is, nor you are not going to get mad about it either.

"*Mr. Dunham:* I take an exception to these remarks of counsel."

No caution as to these occurrences was given to the jury by the trial judge. The result is that we have a picture presented of a plaintiff who is the mother of a dead boy in France and of a defendant who is an Austrian, who gets mad when attention is called to his nationality, and, therefore, it is said is not a good American. We think this presents a situation which must be condemned. Under these circumstances a new

trial should have been granted.   See *Cluett* v. *Rosenthal*, 100 Mich. at p. 200; *Coan* v. *Township of Brownstown*, 126 Mich. 626; *Boydan* v. *Haberstumpf*, 129 Mich. 137; *Martin* v. *Fisher*, 143 Mich. 462; *Rauhala* v. *Maki*, 172 Mich. 112; *Chicago, etc., R. Co.* v. *Simons*, 200 Mich. at p. 80.

None of the other assignments of error would of themselves call for reversal.

For the reason stated the judgment is reversed, with costs, and a new trial granted.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.