### DECKER *v.* FAIR.

1. APPEAL AND ERROR — CONDITIONAL ORDER FOR NEW TRIAL IS REVIEWABLE.

   An order granting a new trial, conditioned on plaintiff's remitting a certain amount of the verdict, may be reviewed by plaintiff on writ of error, although the order would not be reviewable had it not been conditional.

2. NEW TRIAL—JUDGE HAS WIDE DISCRETION.

   The trial judge has a wide discretion in granting or refusing new trials either upon his own motion or upon the motion of a party.

3. SAME—ABUSE OF DISCRETION.

   In an action for damages for alienating his wife's affections, where plaintiff's case depended almost wholly upon the wife's testimony, in which there were many improbabilities, and there was testimony that the relations of plaintiff and his wife were not pleasant before defendant and plaintiff's wife first met, and defendant denied any improper conduct, an order of the trial judge granting a new trial unless plaintiff remit all over $1,000 of a $3,500 verdict, *held*, not an abuse of discretion.

Error to Shiawassee; Collins (Joseph H.), J.   Submitted January 4, 1923.   (Docket No. 38.)   Decided April 27, 1923.

On excessive damages in actions for alienation of affections or criminal conversation, see note in 42 L. R. A. (N. S.) 582.

Case by John Decker against Cleland Fair for the alienation of the affections of plaintiff's wife. From an order granting a new trial unless plaintiff remit all of the verdict in excess of $1,000, plaintiff brings error. Affirmed.

*Charles E. Misner,* for appellant.

*Byron P. Hicks* (*Albert L. Chandler,* of counsel), for appellee.

MOORE, J.     This is an action brought by plaintiff against the defendant for damages for alienating the affections of the wife of plaintiff.     The case was tried before a jury who returned a verdict for $3,500. Afterwards defendant made a motion for a new trial, and the judge filed an order granting a new trial unless the plaintiff within 20 days would remit all in excess of $1,000.     Plaintiff did not remit and seeks to have this court review the case by writ of error.

After the case reached this court the defendant moved to dismiss the writ of error, claiming this court could not review the action of the trial court when it granted a new trial.     The motion was held until now.     The contention of the appellant would doubtless be true if the order made had not been a conditional one.     We think when an order is made conditional as in the instant case, writ of error may be brought. *Carton* v. *Day,* 157 Mich. 43.

The plaintiff contends:

"(1) The lower court has no discretion to reduce a verdict in a tort action, unless the record discloses the jury abused its authority, or was unduly influenced, or the verdict is such as to suggest at first blush, passion, prejudice or corruption on its part.

"(2) The verdict is not excessive, and in such actions, it is for the jury to fix the amount under proper instructions by the court, which has no legal responsibility to determine the amount, and should not interfere with the verdict in the absence of misconduct, passion or prejudice.

"(3) It would be a miscarriage of justice to permit the order of the circuit court to stand, because a court must find something tangible than a difference of opinion as to amount, before it should substitute its opinion for that of jury; in other words, its action must be a judicial and not an arbitrary one."

In support of these propositions counsel quotes at length from *Fishleigh* v. *Railway*, 205 Mich. 145; *Wilson* v. *Railway*, 208 Mich. 411; *In re Klink's Estate*, 210 Mich. 614; and cites many other authorities. In each of these cases above mentioned the question involved was as to the duty of the Supreme Court in setting aside the verdict of a jury and the language used in the various opinions must be interpreted with that question in mind. So far as the first mentioned of these cases is concerned, so far as it is applicable to the instant case, it is against the contention of counsel for the appellant.

"There is no doubt the trial judge has a wide discretion in granting or refusing to grant new trials either upon his own motion or upon the motion of a party. *Manufacturers' Mutual Fire Ins. Co.* v. *Gratiot Circuit Judge*, 79 Mich. 241; *Reynolds* v. *Newaygo Circuit Judge*, 109 Mich. 403." *Zeilman* v. *Fry*, 213 Mich. 504, 510.

Defendant stoutly denied that he had so conducted himself as to give the plaintiff a cause of action, and that his only relations with the wife of defendant was to take her for short rides in his automobile a few times.

The case of the plaintiff depended almost wholly upon the testimony of the wife of the plaintiff. Her testimony covers upwards of 30 pages of the printed record and contains, to say the least, what the trial judge doubtless regarded as many improbabilities.

Mr. and Mrs. Decker had no children. There were about 20 witnesses sworn for the defense. Some of the testimony indicated that when Mrs. Decker first met Mr. Fair her relations with her husband were not pleasant, that she was earning her own living;

·that she frequented the skating rink in the absence of her husband, and danced with different men.     There was testimony of witnesses that they visited houses of ill fame with the plaintiff at Detroit, at South Bend, and at other places.     Take it all in all, the record is an unsavory one.     The trial judge saw and heard the witnesses.     We are not satisfied he abused his discretion in making the order he did. ·

The case is remanded for further proceedings, with costs to the appellee.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.