JACOB PROWLER, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Civil service — New York city — action for salary from date of removal to date of reinstatement in office — amount earned during absence deducted from total of salary.*

*Prowler* v. *City of New York*, 216 App. Div. 824, affirmed.

(Submitted September 29, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was for salary claimed to be due the plaintiff as assistant foreman in the uniformed force of the department of street cleaning of the city of New York for the period from the date of his removal upon charges to the date of his reinstatement pursuant to an order of certiorari. The trial court directed a verdict for the full amount of such salary. The Appellate Division modified the judgment by deducting therefrom the amount earned by the plaintiff during his absence from duty.

*Charles C. Sanders* and *William Weintraub* for appellant.

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien*, *Henry J. Shields* and *Arthur H. Kerns* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

CHARLES RAGONE, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

*State — claim for damage to building and contents from being struck by motor truck belonging to State and driven by its employee while engaged in canal work — section 47 of Canal Law sufficiently broad to authorize award though accident not on canal lands.*

*Ragone* v. *State of New York*, 211 App. Div. 573, affirmed.

(Submitted September 29, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered January 7, 1925, affirming a judgment in favor of plaintiff, entered upon an award of the Court of Claims. The claim was for damages to plaintiff's building and its contents caused by the building being struck by a motor truck belonging to the State, engaged in work connected with the canals and driven by an employee of the State. The accident did not occur on canal lands but it was held that the provisions of section 47 of the Canal Law were sufficiently broad to permit an award.

*Albert Ottinger, Attorney-General (Frederick D. Colson* of counsel), for appellant.

*James F. Martin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO, POUND and MCLAUGHLIN, JJ.

---

ANNA JABLONOR, as Administratrix of the Estate of THEODORE JABLONOR, Deceased, Appellant, *v.* VILLAGE OF ROCKVILLE CENTRE, Respondent.

*Negligence — villages — highways — action against village for death from accident caused by defect in highway — complaint properly dismissed where defect was in approach to bridge for which town alone was responsible.*

*Jablonor v. Village of Rockville Centre,* 215 App. Div. 713, affirmed. (Argued September 29, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1925, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate died from the result of injuries received through the overturning of an automobile in which he was riding alleged to have been caused by an unguarded hole or depression in one of defendant's highways. The trial court held that as matter of law the part of the high-