ANTONIO BARBOZA *vs.* WILLIAM DECAS.

Plymouth.   November 12, 1941. — February 24, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Alcoholic Liquors*, Sale to minor. *Actionable Tort. Proximate Cause. Negligence*, Violation of law, Sale of liquor to minor. *Parent and Child. Minor. Public Policy. Damages*, Consequential.

A violation of G. L. c. 138, § 34, as appearing in St. 1937, c. 424, § 5, by a sale of alcoholic liquor to a minor does not of itself create a civil cause of action in favor of one alleged to have been damaged thereby.

There was no causal connection between alleged negligence of one in selling alcoholic liquor to a minor in violation of G. L. c. 138, § 34, as appearing in St. 1937, c. 424, § 5, and alleged loss suffered by the minor's father through the minor's being imprisoned for an assault

with intent to commit rape occurring while he was intoxicated from drinking the liquor.

A minor imprisoned for a crime committed while intoxicated from liquor sold him in violation of law could not have recovered damages from the seller of the liquor for his imprisonment; and therefore his father could not recover from the seller consequential damages consisting of expense, incurred in defending the son on the criminal charge, and of loss of his services.

TORT. Writ in the Superior Court dated July 21, 1938.

The action was tried before *Brogna,* J., who ordered a verdict for the defendant on each count of the declaration.

*H. W. Packer,* for the plaintiff.

*J. F. Kiernan,* for the defendant, submitted a brief.

RONAN, J. This is an action of tort to recover damages alleged to have been sustained by the plaintiff by reason of the sale of intoxicating liquor by the defendant to the plaintiff's minor son. There was evidence that the son, who was between seventeen and eighteen years of age, purchased a quart of wine at the defendant's store at about eight o'clock on the evening of March 26, 1938; that, after he had consumed most of the wine, he went to a moving picture theatre from which he was removed by a police officer at about half past nine o'clock on account of disorderly conduct; that he returned to the defendant's store and purchased a small quantity of whiskey, which he drank; that later he met two friends but refused to go home with them; that after drinking the whiskey he lost consciousness and remembered nothing until he found himself in the police station, whither he had been taken after his arrest at about midnight for an assault with intent to commit rape; that he subsequently pleaded guilty to that offence in the Superior Court and was sentenced to State Prison. The son lived with the plaintiff, to whom he contributed a part of his earnings. The plaintiff excepted to the ruling directing a verdict for the defendant.

The first count of the declaration alleged a sale of intoxicating liquor by the defendant to the minor "in violation of the General Laws of the Commonwealth"; that the minor consumed said liquor and thereby became intoxicated; and

that, "in consequence of the said intoxication, the plaintiff was injured in person, property and means of support." This count is not based upon negligence but rests entirely upon an alleged illegal sale of liquor.  It purports to set out a cause of action under the civil damage statute, so called, G. L. (Ter. Ed.) c. 138, § 49, which gave a parent who was injured in person, property or means of support in consequence of the intoxication of his son a cause of action against the one who, by selling the liquor, caused in whole or in part such intoxication.  This statutory cause of action was not available to the plaintiff, as § 49 had been repealed by St. 1933, c. 376, § 2.  *Wilson* v. *Head,* 184 Mass. 515. *Wrentham* v. *Fales,* 185 Mass. 539.  *Mayor & Aldermen of Taunton, petitioners,* 290 Mass. 118.  *Pittsley* v. *David,* 298 Mass. 552.

Statute 1933, c. 376, § 2, substituted a new chapter 138 for the old chapter.  This new chapter in § 34, as amended by St. 1937, c. 424, § 5, provides, in so far as material, that "whoever makes a sale or delivery of any such [alcoholic] beverages or alcohol to any person under twenty-one years of age . . . shall be punished by a fine" or by imprisonment or both.  The plaintiff relies upon a violation of this section to support the count.  But the mere violation of this statute, in and of itself and apart from and independent of any other ground, does not give the plaintiff a cause of action to recover damages.  The statute does not expressly or by necessary implication manifest any legislative intent that its violation shall have that effect.  The ruling of the judge directing a verdict for the defendant upon the first count was right.  *Palmigiani* v. *D'Argenio,* 234 Mass. 434. *Richardson* v. *Whittier,* 265 Mass. 478.  *Garland* v. *Stetson,* 292 Mass. 95.  *Wynn* v. *Sullivan,* 294 Mass. 562.  *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344.  *Heilbronner* v. *Scahill,* 303 Mass. 336.  *Richmond* v. *Warren Institution for Savings,* 307 Mass. 483.

The remaining count of the declaration is based upon negligence of the defendant in selling liquor to the plaintiff's minor son which, it is alleged, resulted in disgrace and shame to the plaintiff, the expenditure of money for the defence of

the son, and the imprisonment of the son with the loss of his services to the plaintiff.

A person who is injured on account of the criminal act of another ought not to be allowed to impose liability upon a third person on the ground that the negligence of the latter was an efficient and contributing cause of the crime, unless the act of the third person was such that he ought to have reasonably anticipated that the commission of crime would result from his act. It has been held that the perpetration of a crime is not the natural and probable consequence of furnishing intoxicating liquor to the criminal. *Belding v. Johnson,* 86 Ga. 177. *Waller's Administrator v. Collinsworth,* 144 Ky. 3. *Dennison v. Van Wormer,* 107 Mich. 461. *Swinfin v. Lowry,* 37 Minn. 345. Upon this record the plaintiff fails to show any causal connection between the sale of the liquor and the damage that he alleged he has sustained. *O'Herron v. Gray,* 168 Mass. 573. *Horan v. Watertown,* 217 Mass. 185. *Carini v. Roman Catholic Bishop of Springfield,* 219 Mass. 117. *Slater v. T. C. Baker Co.* 261 Mass. 424. *Bellows v. Worcester Storage Co.* 297 Mass. 188. *Fraser v. Chicago, Rock Island & Pacific Railway,* 101 Kans. 122. *Chesapeake & Ohio Railway v. Whitaker's Administrator,* 165 Ky. 590. *Sira v. Wabash Railroad,* 115 Mo. 127. *Ragone v. State,* 243 N. Y. 607.

The plaintiff is pursuing a common law remedy to recover damages for expenses incurred and loss of services sustained on account of a wrong suffered by his son which, he alleges, was caused by the negligence of the defendant. *Horgan v. Pacific Mills,* 158 Mass. 402. *King v. Viscoloid Co.* 219 Mass. 420. *Slavinsky v. National Bottling Torah Co.* 267 Mass. 319. The son could not recover damages that were directly attributable to the criminal assault which he committed. *Hatch v. Mutual Life Ins. Co.* 120 Mass. 550. *Slocum v. Metropolitan Life Ins. Co.* 245 Mass. 565. *Szadwicz v. Cantor,* 257 Mass. 518. *DeMello v. John Hancock Mutual Life Ins. Co.* 281 Mass. 190. *Millen v. John Hancock Mutual Life Ins. Co.* 300 Mass. 83. The plaintiff's right to recover consequential damages on account of an injury sustained by his minor son is derivative and, if the son had no cause of

action, the plaintiff has none. *Dennis* v. *Clark,* 2 Cush. 347. *Thibeault* v. *Poole,* 283 Mass. 480, 486. *Mikaelian* v. *Palaza,* 300 Mass. 354.

The cases of *Colburn* v. *Spencer,* 177 Mass. 473, and *McNary* v. *Blackburn,* 180 Mass. 141, are plainly distinguishable. Both of them arose under a statute giving a remedy for damages due to the intoxication of a person against the one who caused the intoxication by furnishing the liquor to such person. Neither is authority for the proposition that the seller of the liquor is liable at common law to one who has sustained damage by the sentence and commitment of his minor son to a penal institution for the commission of a crime while intoxicated by liquor furnished to him by the seller.

*Exceptions overruled.*