## Balfour-Guthrie & Co. v. L. S. Du Bois Son & Co.

(Decided Nov. 1, 1932.)

WHEELER, WHEELER & SHELBOURNE for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Balfour-Guthrie & Co., a California corporation, engaged in business in the city of San Francisco, instituted this action in the McCracken circuit court against L. S. Du Bois Son & Co., a corporation, engaged in a wholesale mercantile business in Paducah, Ky., seeking to recover the sum of $277.12 alleged to be the balance due on account for a bill of firecrackers sold and delivered to the latter in the year 1929.

The first paragraph of the answer filed by defendant consists of a general denial of the allegations of the petition, but, by way of set-off and counterclaim in a second paragraph, defendant admits that in March, 1929, it purchased from the plaintiff a lot of firecrackers, which sale was confirmed some time in the following May, but alleged, in substance, that it purchased the

firecrackers upon the representation of the plaintiff that they were selected, extra select, and of the best and first-class quality; that plaintiff sold the goods with knowledge of defendant's purpose to sell same to retail customers; that they were not of the quality represented nor suited for the purpose for which they were intended, but at least 40 per cent. of them were inferior, noncombustible, and worthless; that, by reason of the inferiority of the firecrackers, customers to whom they had been sold by defendant sustained losses, for which defendant had been compelled to make restitution.

By agreement of parties, an order was entered treating the affirmative allegations of the answer, setoff, and counterclaim as denied and controverted of record, thus completing the issues.

Trial before a jury resulted in a verdict for defendant for the sum of $550, credited by the sum of $277.12, and from a judgment conforming therewith plaintiff is prosecuting this appeal. As grounds for reversal of the lower court's judgment, counsel for appellant argue (1) that no cause of action was stated in the second paragraph of the answer, set-off, and counterclaim; (2) that no recoverable damages were shown by pleading or proof; (3) that appellant's motion should have been sustained on grounds 1 and 2; (4) that the instructions given by the court were erroneous; and (5) that the court admitted incompetent evidence over appellant's objection. Since the judgment is to be reversed because of error in instructions, we deem it unnecessary to dwell at length on the other grounds relied on, and grounds 1, 2, and 3 may be disposed of together.

As we understand brief on behalf of appellant, it is argued that no warranty was pleaded or proven. It is alleged in the petition that appellant represented the goods to be of the best quality, when in truth they were not, but, on the contrary, at least 40 per cent. of them were wholly worthless, and, further, that appellant knew the purpose for which the goods were purchased. "Representations made at the time of the sale to induce the purchase are warranties." Chestnut v. Ohler (Ky.) 112 S. W. 1101; Lamme v. Gregg, 1 Metc. 444, 71 Am. Dec. 489. And, not only so, but, where the buyer makes known to the seller the particular purpose for which goods are purchased and it appears that the purchaser

relies on the seller's judgment, there is an implied warranty that the goods shall be reasonably fit for such purpose. Kentucky Statutes, Sec. 2651b-15.

As to proof of warranty, there was introduced in evidence a letter written by appellant to appellee in the course of negotiations leading up to the sale, in which, among other things, it was said: "We beg to acknowledge receipt of your inquiry of February 22nd for firecrackers. * * * The firecrackers that we have selected, and which we believe will meet your requirements, are as follows:" Then follows a table showing the packing and description of the brands recommended, and a statement that samples are being forwarded; and, with reference to the brands selected, it is further said: "The Him Kee Flashlight crackers are the very best obtainable and the Unicorn are a cheaper grade. There are cheaper crackers of two grades, but we do not believe they would meet your requirements. There is one especially known as Wink Yeun, on which we could quote you but on which we do not care to give any guarantee whatsoever so far as quality is concerned. We do, however, guarantee Him Kee to be equal to any of this type exported from China."

Practically all the evidence as to inferiority in quality of the firecrackers relates to the Unicorn.

Section 2651b-12 Kentucky Statutes, which is a part of our Uniform Sales Act, defines an express warranty as "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. * * *"

While the letter does not in express words make any guaranty of quality except as to the Him Kee, and states that the Unicorn is a cheaper grade, the reference to still cheaper grades which it is said would not meet appellee's requirements and of which no guaranty as to their quality would be made, naturally lead to the inference that some guaranty was made as to the Unicorn.

But, wholly apart from any proof of express warranty, there is, in addition to what we have already said, proof that appellee relied on appellant's judgment

and also received and tested samples of the goods pur chased, which tests proved satisfactory. Therefore the evidence clearly tends to establish an implied warranty under either or both sections 2651b-15 and 2651b-16, Kentucky Statutes.

In the proven circumstances we are not impressed with the argument that the goods were retained an unreasonable length of time without inspection and before complaint as to the quality therof was made by appellee. It is manifest that the answer and counterclaim did state a cause of action, and there was some substantial proof supporting the cause stated. Therefore the court did not err in overruling appellant's motion for a peremptory instruction.

Criticism of the instructions given is directed at instructions 2 and 3. Instruction No. 3 relates to measure of damage, and, in substance, directs a finding for such sum as under the evidence would "represent the reasonable and necessary expense that defendant incurred in reclaiming said goods, if any, and the reasonable commissions for selling same, but not exceeding the amount of $550.00."

Section 2651b-69, also a part of our Uniform Sales Act, which like similar acts adopted by many other states is declaratory of rules prevailing at common law, provides in part:

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

The second paragraph of the answer, set-off, and counterclaim pleads breach of warranty of quality: hence the proper measure of damage is the difference between the value of the goods at the time of the delivery, and the value they would have had if they had answered to the warranty, unless, as indicated in the quoted provisions of the statute, damage in a greater

amount is shown by pleading and proof. Although there is some proof of special damage, such as commission paid to salesmen, which might not be included in the measure of damages as ordinarily given, there is no allegation in the answer as to such damage.

Instruction No. 2 is criticised because it authorized recovery on the counterclaim if the goods "failed to reasonably perform the function for which they were bought." While we do not believe a jury of sensible men would be misled by the words, it w o u l d h a v e been better to have adopted from the sections of the Statutes hereinbefore cited the appropriate words or words of like import to convey the meaning intended to be expressed by the words complained of.

We might further add that it would be impossible to indicate proper instructions that should be given in the event of another trial, because there may be some reformation of pleading and the evidence may be different, however the cited sections of our Statutes will be sufficient guide in framing instructions to meet varying circumstances.

Judgment reversed for proceedings consistent with this opinion.