## Coyle v. Hall.

March 25, 1949.

Woodward, Hobson & Fulton and Robert P. Hobson for appellant.

Garland R. Hubbard for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Appellee, Joseph Marion Hall, Sr., brought this action to recover from appellant, J. J. Coyle, $3371.63 damages for an alleged breach of warranty of a second-hand truck sold him by Coyle. The answer was a traverse. The trial resulted in a verdict for Hall for $1143, and in seeking to reverse the judgment thereon Coyle urges: 1. He was entitled to a directed verdict at the conclusion of all of the evidence. 2. Instruction number three is erroneous. 3. The verdict is excessive.

Appellant describes himself as a "trailer distributor" who occasionally handles used trucks. The truck in question is a large International, 1944 model, which when new sold for more than $6500. He bought this particular vehicle from R. B. Tyler Construction Company the latter part of January 1948, and kept it on his lot at Twelfth and Broadway in Louisville until he sold it to appellee on May 1, 1947, for $3000, of which $1150 was paid in cash, and the balance of $1850 he financed through the Louisville Bank for $2498.40 which included interest, insurance and finance charges. Appellee was a distillery worker at the time he purchased the truck but formerly had much experience as an automobile mechanic. He did not drive this truck but a few blocks before buying it and testified he relied upon appellant's warranty at the time he made the purchase.

Hall testified that Coyle warranted to him that the block of the truck was not cracked and was sound and "in A-1 condition," and that outside of the transmission and differential he warranted the truck as a whole to be "in A-1 condition." However, on cross-examination Hall stated the only warranty made by Coyle was that "the block was not cracked and was in A-1 condition."

Appellant's testimony in substance is that he made no warranty whatever concerning the truck and he ex-

pressly told appellee he did not guarantee it. That the price of the vehicle was $3450 and in reducing it to $3000 he told appellee that the $450 reduction was to cover the price of completely overhauling the motor, which he advised appellee to do before taking the vehicle on any long trip. He further testified the block was not cracked when he sold it to appellee. Appellant knew this to be true because the truck had stood on his lot full of alcohol since January and had the block been cracked, the alcohol would have leaked out of it. That a new block had been put in the motor shortly before appellant purchased it from the Tyler Company.

After buying the truck on May 1st, appellee drove it a distance of eight miles to his home without it giving him any trouble, although he noticed the oil pressure gauge only registered 20. Appellee testified this was not sufficient pressure but at the time he thought nothing of it as he was not familiar with this type of motor. According to him, the truck remained in his yard, where he made some minor repairs on it, until starting on a trip to Chicago on May 10th. On this trip he could not keep oil in the motor and after going about 90 miles he turned around and started home. But the truck lost all oil pressure and he was unable to reach Louisville. He removed the oil pan to learn the trouble and found a crack in the motor block. He testified that he expended $253 in getting the motor repaired before he could drive the truck back to Louisville.

Appellant refused to take the truck back, whereupon appellee left it on appellant's lot, and it is not denied the block was cracked at that time. The bank foreclosed its lien on the truck and appellant purchased it at the decretal sale for $2110. The petition averred that the difference between the fair market value of the truck in the condition it was in when purchased by appellee and its condition as warranted by appellant was $890, and he alleged and proved special damages in the sum of $253. The jury returned a verdict of $1143 in appellee's favor.

It is admitted by appellant that the evidence is conflicting as to whether or not he warranted the truck, but he contends that he is entitled to a directed verdict because there was no evidence that the motor block was

cracked on May 1st, the day appellee bought the vehicle and took possession of it. Appellant insists that the fact the block proved to be cracked on May 10th is no evidence it was cracked on the day appellee purchased the truck.

We find ourselves unable to agree with appellant's reasoning. It was testified by appellee that after driving the truck eight miles to his home on the day he bought it, the truck remained in his yard until May 10th, and by the time he had driven 30 miles on his trip to Chicago that day the oil pressure began to drop and he could not keep oil in the motor. He further stated that he had done nothing to cause the block to crack. If the jury believed his testimony was true, and evidently they did, then they were justified in finding that the warranty had been breached and in returning a verdict in favor of appellee.

Nor can we agree with appellant that the court erred by including in the third instruction, on the measure of damages, that the jury might find for appellee such sum as they believed from the evidence would fairly represent the reasonable cost of any effort made by him to repair the truck, not exceeding $253. Appellee pleaded special damages of $275 expended by him in attempting to repair the truck and proved same in the extent of $253. The measure of damages for breach of warranty of quality of goods sold is the difference between the value thereof when delivered and their value as warranted, unless greater damages are pleaded and proved. KRS 361.690(7); Balfour-Guthrie & Co. v. L. S. Du Bois Son & Co., 245 Ky. 640, 54 S.W.2d 13; Plumbers Supply Co. v. Lanter, 280 Ky. 523, 133 S.W.2d 739.

However, there is merit in appellant's contention that the verdict is excessive. The first instruction told the jury to find for appellee if they believed appellant warranted the motor block not to be cracked, if in fact it was cracked, when the truck was sold to appellee. The second instruction told the jury if they did not believe the block was cracked at the time of the sale but subsequently became cracked while the truck was in appellee's possession, then they should find for appellant. Under the evidence, the court properly limited the warranty to the crack in the motor block.

The evidence is that a new block sells for $90 and it can be fitted with all necessary parts and installed for a total of $500; that when such a new block is installed the motor is put in first class condition and is practically as good as new. Since $500 would have put the motor of this truck in the condition appellee claims appellant warranted it to be, the recovery, if any, for the alleged breach of warranty should not have exceeded $500, plus the special damages appellee proved, not exceeding $253 expended by him in attempting to repair the motor, and his whole recovery should not have exceeded $753. As the judgment is for $1143 it is excessive and on this account it must be reversed.

The judgment is reversed for proceedings consistent with this opinion.