**Merle E. PARKER, Appellant,**

**v.**

**CITY SCHOOL SUPERINTENDENT William Kottmeyer; Assistant Superintendent Clyde Miller; Robert M. Young, Principal of Southwest High School; John Close, Assistant Principal of Southwest High School, Respondents.**

**No. 54678.**

Supreme Court of Missouri,
Division No. 2.

March 9, 1970.

————◆————

Merle E. Parker, pro se.

Leo Lyng, Russell N. MacLeod, St. Louis, for respondent.

BARRETT, Commissioner.

Merle E. Parker, a property owner in Douglas and Ozark Counties and a resident of Thornfield in Ozark County, instituted in his own behalf, this suit to recover $250,000.00 damages. The defendants are William Kottmeyer, city superintendent of schools in the City of St. Louis, Clyde Miller, assistant superintendent, Robert M. Young, the principal of Southwest High School and his assistant, John Close. While the suit is to recover damages in his behalf he alleges that he is motivated by his interest in law enforcement and the morals of young people in general. The theory, allegedly, of his suit, one of a series by Mr. Parker, is that the defendants, public servants paid by public funds, "flouting" the laws of the state have entered into a conspiracy "to teach, entice and encourage minor children to indulge in practices which are forbidden by the laws of the State of Missouri." Specifically he refers to Sections 563.880 and 563.890, RSMo 1959 (Laws Mo.1903, p. 164; Laws Mo.1909, p. 447), making the sale or the supplying of cigarettes and the public smoking of cigarettes by any person "over the age of ten years and under the age of eighteen years" a misdemeanor. It is not alleged that these school officials, the superintendent and the principal and their assistants, sold or supplied children in their care cigarettes or tobacco but that Mr. Kottmeyer by "proclamation" for the guidance of principals of schools decreed that "a room in each school could be set aside as a 'smoking lounge' for high school students. And it is alleged that Mr. Young and his assistant, pursuant to the superintendent's proclamation, set aside a room in Southwest High School as a 'smoking lounge.' " All this conduct by the defendants is alleged to be a "conspiracy" and a violation of law "which can lead to a gradual and complete breakdown of law and order." As to the plaintiff Parker it is said that the conduct of the defendants, its cumulative effect and pervasiveness, is so far-reaching "that·the damage to Plain-

tiff is such that it would be difficult to place a maximum figure upon it" but whereof he prays in his own behalf damages of $250,000.00. The trial court, on motion, dismissed the petition for failure to state a claim or cause of action and the plaintiff Parker has appealed.

In his brief the appellant makes four rather abstract points as to the responsibilities of citizens, of which he is an example, "to aid in the administration of justice and in the enforcement of the laws" and of their "cause of action for money damages" against public officials who endorse and encourage violations of the law "on the part of the children" within their jurisdiction and control. In his argument he says "that the only part which appears to be novel and without precedent is the position of plaintiff-appellant that he has a right to maintain a *civil tort action* against those persons who have advised, encouraged and counseled a large number of youth to break the law, and have used certain facilities to aid these youth to break the law." In complete candor the appellant admits that "(t)his is essentially a test case, and is one which appears to have no precedent in this state, or in any of the other 49 states of the United States. The circumstances and actions from which the case originated also seem to be without precedent."

Having set forth the essence of the appellant's position, it is not necessary to explore his claims and theories in detail, or to ponder the duties of courts to provide a forum for "citizens who seek to discharge their responsibility and obligation to aid in the enforcement of the laws." In principle and in all its essentials this appeal is controlled by the decisions in Mr. Parker's prior suits for damages against the Chamber of Commerce of Ava and others for permitting the operation of "games of chance" at a County Fair. As those cases impliedly recognize, there is no separate and distinct civil "action of conspiracy" (Rosen v. Alside, Inc., Mo., 248 S.W.2d 638; Royster v. Baker, Mo., 365 S.W.2d 496) and more importantly and basic here, as in appellant's

other cases, "a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, 126; Bell v. Faulkner, Mo.App., 75 S.W.2d 612; Parker v. Lowery, 446 S.W.2d 593, l. c. 595. In view of the controlling force of the previous Parker cases involving the same basic theory of liability asserted here the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.