511 P.2d 682

**Sydney SELLINGER and Mary Sellinger, Appellants,**

**v.**

**FREEWAY MOBILE HOME SALES, INC., et al., Appellees.**

**No. 2 CA-CIV 1351.**

Court of Appeals of Arizona, Division No. 2.

June 28, 1973.

Rehearing Denied July 24, 1973.

Review Granted Sept. 25, 1973.

Stuart Herzog, Tucson, for appellants.

Hirsch & Pakula by C. Robert Pursley, Tucson, for appellees Freeway Mobile Home Sales, Inc. and Griffin.

May & Dees by Willis R. Dees, Tucson, for appellee Topaz Industries.

HOWARD, Judge.

Appellants, plaintiffs below, were the purchasers of a mobile home sold to them by appellee-defendant Freeway Mobile Home Sales, Inc. Appellee Topaz Industries was the manufacturer of the mobile home and appellees Harold Griffin and Juanita Griffin were the stockholders, corporate directors and officers of Freeway Mobile Home Sales, Inc.

Appellants' dissatisfaction with their mobile home resulted in the filing of this action. The complaint contained several counts. Count two alleged that certain actions by the defendants violated the Arizona Consumer Fraud Act, A.R.S. § 44–1521 et seq. and A.R.S. § 44–1481, the Arizona Fraudulent Advertising Practices Act. The prayer for relief under Count Two asked for actual and punitive damages and attorney's fees. At the time of trial, Count Two was dismissed by the court on defendants' motion over plaintiffs' objection.

The case was tried to the court sitting without a jury. At the end of the case defendants Harold Griffin and Juanita Griffin made a motion to dismiss which was granted by the court.

Judgment was entered by the court in favor of the plaintiffs and against the defendants Freeway Mobile Home Sales, Inc. for damages for breach of warranty in the sum of $500 plus costs. Judgment was further entered in favor of plaintiffs and against Topaz Industries for breach of an implied warranty of fitness in the sum of $190 plus costs.

The appellants have appealed from the judgment entered below.

The main issue in this case is whether a violation of the Arizona Consumer Fraud Act, A.R.S. § 44–1521 et seq. and the Arizona Fraudulent Advertising Practices Act, A.R.S. § 44–1481 can be the basis of a private action. We shall confine our discussion of the issue to the Arizona Consumer Fraud Act since a decision as to that statute will necessarily dispose of the issue under A.R.S. § 44–1481.

A.R.S. § 44–1522 states:

"A. The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

B. It is the intent of the legislature that, in construing the provisions of subsection A of this section, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to §§ 45, 52 and 55(a)(1) Title 15, U.S.C.A. of the federal trade commission act. Added Laws 1967, Ch. 43, § 1."

A.R.S. § 44–1524 defines the powers of the attorney general. It states:

Upon receipt of a written complaint signed by the complainant to the attorney general setting forth facts that a person has engaged in, or is engaging in, or is about to engage in, any practice declared to be unlawful by this article, or when the attorney general has reasonable cause to believe that such is the case, and when he believes it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in, or is about to engage in, any such practice, he may:

1. Require such person to file on such forms as he prescribes a statement or report in writing, under oath, as to all the facts and circumstances concerning the sale or advertisement of merchandise by such person, and such other data and information as he may deem necessary.

2. Examine under oath any person in connection with the sale or advertisement of any merchandise.

3. Examine any merchandise or sample thereof, or any record, book, document, account, or paper as he may deem necessary.

4. Pursuant to an order of the superior court, impound any record, book, document, account, paper, or sample or merchandise material to such practice and retain the same in his possession until the completion of all proceedings undertaken under this article or in the courts. As amended Laws 1972, Ch. 49, § 2."

Under the provisions of A.R.S. § 44–1528 following an investigation made pursuant to A.R.S. § 44–1524, when it appears to the attorney general that a person has engaged in or is engaging in any practice declared unlawful under § 44–1522, he may seek and obtain an injunction in superior court to prohibit such person from continuing or engaging in such unlawful conduct. The court is authorized under A.R.S. § 44–1528, subsec. A in the action for injunctive relief to ". . . make such orders or judgments as may be necessary to prevent the use or employment by a person of any unlawful practices, or which may be necessary to restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice in this article declared to be unlawful, including the appointment of a receiver."

A.R.S. § 44–1528, subsec. B provides that if, following an investigation pursuant to A.R.S. § 44–1524 it appears to the attorney general that a person has engaged or is engaging in a practice declared to be unlawful under A.R.S. § 44–1522, and that such person is about to conceal his assets or leave the state, he may apply to the court for the appointment of a receiver of the assets of such person.

A.R.S. § 44–1529 provides that when a receiver has been appointed pursuant to A.R.S. § 44–1528, subsec. B:

". . . Any person who has suffered damages as a result of the use or employment of any unlawful practice, and submits proof of the satisfaction of the court that he has in fact been damaged, may participate with general creditors in the distribution of the assets to the extent he has sustained out-of-pocket losses. The court shall have jurisdiction of all questions arising in such proceedings and enter such judgments therein as may be required."

The following statutes are also pertinent to the issues:

"§ 44–1530. Assurance of discontinuance of unlawful practice.

In the enforcement of the provisions of this article, the attorney general may accept an assurance of discontinuance of any act or practice deemed in violation of the provisions of this article from any person engaging in, or who has engaged in, such act or practice. Such assurance may include a stipulation for the payment by such person of reasonable expenses incurred by the attorney general or as restitution to aggrieved persons, or both. Any such assurance shall be in writing and shall be filed with and subject to the approval of the superior court of the county in which the alleged violator resides or has its principal place of business or in Maricopa County. A violation of such assurance within six years of the filing thereof shall constitute prima facie proof of a violation of the provisions of this article. Such assurance of discontinuance shall not be considered an admission of a violation for any purpose. As amended Laws 1972, Ch. 49, § 4.

§ 44–1531. Violations; civil penalties

A. If a court finds that any person is wilfully using or has wilfully used any act or practice declared unlawful by § 44–1522 of this article, the attorney general upon petition to the court may recover on behalf of the state a civil penalty of not more than five thousand dollars per violation.

B. For purposes of this section, a wilful violation occurs when the party committing the violation knew or should have known that his conduct was a violation of § 44–1522 of this article. Added Laws 1972, Ch. 49, § 6.

§ 44–1532. Violation of order or injunction; penalty

A person who violates any order or injunction issued pursuant to this article shall forfeit and pay to the general fund of the state of Arizona a civil penalty of not more than ten thousand dollars per violation. For the purpose of this section, the superior court issuing any order or injunction shall retain jurisdiction, and the cause shall be continued. In such cases, the attorney general acting in the name of the state may petition for the recovery of civil penalties. As amended Laws 1972, Ch. 49, § 7.

§ 44–1533. Claims not barred

The provisions of this article shall not bar any claim against any person who has acquired any monies or property, real or personal, by means of any practice declared to be unlawful by the provisions of this article. Added Laws 1967, Ch. 43, § 1."

Appellants cite as their main authority for the right to a private action the case of Rice v. Snarlin, Inc., 131 Ill.App.2d 434, 266 N.E.2d 183 (1970). The Illinois court, interpreting its Consumer Fraud Act, which is in many ways similar to ours, held that the Illinois Act did provide for the maintenance of private actions under the act for consumer fraud. We find, however, that the Illinois court founded its decision on sections of the Illinois statutes which are not contained in ours. We therefore find the Illinois case to be inapposite.[1]

Appellees point out that as of 1971, thirty-two states have passed some form of consumer protection legislation. Of these thirty-two states, ten had specifically granted within their statutes private rights of action for the consumer.[2]

It is our view that the Arizona Consumer Fraud Act is essentially a penal statute except for the provision of A.R.S. § 44–1529. It is true that a violation of a penal statute may have certain legal consequences in civil litigation. For example, in actions in tort for negligence it frequently happens that the violation of a penal statute enacted for public safety constitutes negligence per se.

However, penal statutes have been construed as creating a new cause of action independently of the common law if, and only if, that appears by express terms or by clear implication to have been the legislative intent. Mezullo v. Maletz, 331 Mass. 233, 118 N.E.2d 356 (1953). We do not find in the Arizona Consumer Fraud Act any express provision for private actions, nor do we find any clear implication that such suits are maintainable under the Act. Had the legislature intended such suits it would have provided for them. Appellants point to A.R.S. § 44–1533 as indicative of such legislative intent. We do not agree. Our interpretation of that section is that prosecution and conviction, for example, will not bar a suit for misrepresentation or fraud and deceit.

The only private remedy given by the statute is that contained in A.R.S. § 44–1529 which allows a private individual to participate in a receivership to the extent of out-of-pocket losses.

Any attempt to imply a private cause of action under the Act leads to too many unresolved "implications". What is the measure of damages? Are punitive damages allowed? Are attorney's fees allowed? The primary purpose of the Act was to protect the public *generally* and not as individuals. The sanctions imposed by the Act are exclusive and no private cause of action is implied. *Cf.* Ash v. Cort, 350 F.Supp. 227 (D.C.1972). *See also*, Parker v. Lowery, 446 S.W.2d 593 (Mo.1969).

Appellants' second question for review and the argument thereon is unintelligible and not supported by any authority. We therefore decline to consider it.

Appellants next contend that the court did not use the proper method in computing damages for breach of warranty. A.R.S. § 44–2393, subsec. B provides:

> "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

A.R.S. § 44–2394, subsec. B, par. 2, allows the buyer to recover consequential damages which include injury to person or property proximately resulting from any breach of warranty. Appellants' witnesses testified that the value of the mobile home in its defective condition was $7,500. whereas its purchase price was $12,650. Appellants also testified they experienced

1. For a discussion of the concept of the private action, *see* Lovett, Williams A., "Private Actions for Deceptive Trade Practices", 23 Adm.L.Rev. 271.

2. *See e. g.*, Wests' Annotated California Codes, Civil Code § 1750 et seq.

aggravation, anger, inability to sleep, loss of weight, chest pains, and stomach pains as a result of the breach.

The reasonable cost of putting an article in the condition as warranted may represent the difference between the value as warranted and the actual value of the article. Wagner Tractor, Inc. v. Shields, 381 F.2d 441 (9th Cir. 1967); Britt v. Leaderbrand, 39 So.2d 645 (La.App.1949); Coyle v. Hall, 309 Ky. 829, 219 S.W.2d 48 (1949); Hardie-Tynes Mfg. Co. v. Easton Cotton Oil Co., 150 N.C. 150, 63 S.E. 676 (1909). There was testimony which would justify the trial court in finding that the amounts awarded would be sufficient to place the mobile home in its condition as warranted. The court did not err in this respect.

As to the failure to award consequential damages for "personal injury" appellants have cited no authority other than the statute, for their proposition. Furthermore, the court could have disbelieved the appellants.

Appellants also claim the court erred in failing to award punitive damages and attorney's fees for the alleged outrageous conduct of the appellees. We do not agree. The court heard all the evidence as to the conduct of appellees and could properly conclude that it was not of the type alleged.

Appellants presented two more questions for review. One dealt with the court's dismissal of the Griffins from the action. Appellants have not presented any argument in their brief on this issue and it is therefore deemed to be abandoned. State v. Wacker, 86 Ariz. 247, 344 P.2d 1004 (1959).

The other question presented for review need not be answered in view of our decision on the issue of the Consumer Fraud Act.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.