Donald F. TANNER, Appellant,

v.

Donald K. GASH, Respondent.

No. KCD 30229.

Missouri Court of Appeals, Western District.

June 11, 1979.

Charles C. Shafer, Jr., Kansas City, for appellant.

Larry E. Sells, Shaffer, Gibson & Cox, Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

·SHANGLER, Presiding Judge.

The plaintiff Tanner asserts a civil cause of action for an attorney fee against the defendant Gash on the breach of § 561.460, RSMo 1969, which renders it a crime for a maker, with intent to defraud, to issue a check for a past obligation with knowledge that the account has not sufficient funds for payment. The circuit court dismissed the petition and the plaintiff brings appeal.

The petition alleges that defendant Gash caused a check for $5,000, in settlement of past obligations,[1] to be drawn against the corporate account of Kimberly Industries[2] at the Roeland Park State Bank & Trust Company. The check was presented by the plaintiff but was dishonored by the bank on an order to stop payment and because the account against which the check was drawn was without sufficient funds.

Tanner resorts to the criminal statute for a right of action on the belief that he is otherwise without civil recourse against Gash who [he argues but does not plead] merely used a corporate check for a personal transaction. Thus, whereas, the criminal statute condemns the issue of *any check* with intent to defraud, the law on commercial paper [§ 400.3–802] allows an action only on the dishonored instrument or the obligation—so [according to contention] as to have enabled a cause of action had the check been that of Gash rather than of the corporation. This premise neglects the remedy of the Code against an unauthorized signatory of an instrument taken in good faith. §§ 400.1–201(43) and 400.3–404.[3] It neglects also the obvious common law action available to the plaintiff on the underlying obligation.

The theory of the petition and the argument are tendentious; they disguise the one true purpose—to recover an attorney fee. The petition does not seek to recoup the

---

1. The petition does not say whether the past obligation was to Tanner from the Kimberly Corporation [as the brief of defendant Gash asserts] or from Gash personally [as the brief of plaintiff Tanner asserts]. Nor, for that matter, does the petition allege the payee—whether Gash or another. The check was not made part of the record on appeal.

2. The petition does not allege the capacity of Gash as maker, whether as the corporate agent

—actual, implied or apparent—of Kimberly, or simply for his own behalf. Once again, the check was not made part of the record on appeal so we do not know what the intrinsic instrument shows.

3. We surmise, if not from an express pleading then from the tenor of the briefs and arguments, that Gash was an authorized corporate signatory.

check but only judgment for the cost to retain "expensive counsel" on account of "defendant's action."

■ A set of conduct may at once constitute a criminal offense and a civil wrong subject to private redress.[4] *Parker v. Lowery*, 446 S.W.2d 593, 595[5] (Mo.1969); 1 Am.Jur.2d, *Actions*, § 57. A criminal statute, however, is a public enactment and does not invest a civil remedy for private injury unless that purpose clearly appears in the expression of the statute. *Christy v. Petrus*, 295 S.W.2d 122, 126[6] (Mo. banc 1956). An attorney fee, in any event, is not a usual consequence of private injury and does not follow as of course. *Burchett v. Burchett*, 572 S.W.2d 494, 504[14–16] (Mo. App.1978). Were the validity of the petition as a recovery of a private right based on a criminal statute otherwise assured, the chosen theory presents no justifiable claim because § 561.460 from which the assertion of right derives makes no provision for an attorney fee—the only subject of the petition—or other private redress. *Christy v. Petrus*, supra, l. c. 126[7].

The judgment of dismissal is affirmed.

All concur.

4. We assume the petition attempts a claim in tort. The general rule allows a *tort* action, independently of any right at common law, where a breach of the criminal statute causes a special private injury—and where the intent of the criminal law to allow such a recovery is clear. The rationale is one of *duty*: that is, a criminal statute imposes a duty to the public protection which, when breached and proxi- mately causes specific private injury, does not preclude a civil action for damages even though violation imposes a public penalty. *Christy v. Petrus*, supra; *Parker v. Lowery*, supra; *State v. Taylor*, 335 Mo. 460, 73 S.W.2d 378, 380 (banc 1934) [dictum]; *Wells v. Welch*, 205 Mo. App. 136, 224 S.W. 120, 122[4, 5] (1920); 1 C.J.S. *Actions* § 11; 1 Am.Jur.2d, *Actions* § 57.