**IMPERIAL PREMIUM FINANCE, INC., Appellant,**

v.

**NORTHLAND INSURANCE CO., et al., Respondent,**

and

**Midwestern General Agency, Respondent.**

**No. WD 46789.**

Missouri Court of Appeals, Western District.

July 13, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied Oct. 26, 1993.

Kip D. Richards, Kansas City, for appellant.

Jeffrey A. Burns and Patrick Lysaught, Kansas City, for Northland Ins. Co.

Robert Ernest Gould and William L. Carr, Kansas City, for Midwestern General Agency.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

SHANGLER, Judge.

The plaintiff Imperial Premium Finance, Inc. brought suit against the defendants Northland Insurance Co. and Midwestern General Agency to recover a gross unearned

premium due under a financed insurance contract. Count I of the petition pleads the theory of recovery that the failure of the defendants to return the unearned premium was a violation of § 364.135, RSMo 1986, and constituted negligence *per se*. Count II is a pleading for punitive damages.

The plaintiff IPF moved for partial summary judgment on Count I of the petition against the defendant Northland on the ground that, under the pleadings and evidentiary materials in support of the motion, the violation of § 364.135 by Northland—and hence the negligence *per se* of the defendant was proven as a matter of law. The response by Northland in opposition to the IPF motion for partial summary judgment rests on the premise that § 364.135 did not apply to the transaction between IPF and Northland, and hence the violation of the statute was not the proximate cause of any injury to IPF.

The defendant Northland moved separately for summary judgment on the same ground given in response to the IPF motion for partial summary judgment and, most essentially, that in fact IPF did not finance the insured's premium, so § 364.135 did not apply to the transaction as a matter of law. The defendant Midwestern also moved for summary judgment, and also on the ground that § 364.135 did not apply to the transaction, but for separate reasons. The disparate motions were supported by evidentiary materials.

The trial court denied the motion of plaintiff IPF for summary judgment and granted the motions of the defendants Northland and Midwestern, and entered summary judgment against the petition. The plaintiff IPF appeals the order of summary judgment.

The integral transaction that gives rise to the essential legal issue that the appeal presents is best understood in terms of the roles and functions of the several actors.

The plaintiff IPF is a premium finance company within the definition of § 364.-100(4).[1] IPF entered into an agreement with

1. Section 364.100(4) defines **"Premium finance company"** as: "a person engaged in the business

of entering into premium finance agreements or

Trans Com Marketing, Inc. whereby Trans Com became a producing agent for IPF. IPF provided Trans Com with a supply of pre-numbered drafts to be used for funding loans on behalf of IPF and authorized the Trans Com president, vice-president and treasurer to sign drafts and disburse the IPF funds as loans for the premium payments. Trans Com also had a limited producer's agreement with the defendant Midwestern General Agency. In June 1988, Trans Com requested IPF to finance the annual premium for a policy to be produced by Trans Com and/or Midwestern on behalf of Trans Com's client, Ultimate Transportation, Inc. IPF agreed to finance the premium and Midwestern, acting as general agent of Northland Insurance Company, procured the policy from Northland. The premium finance agreement was executed by IPF, Trans Com and Ultimate Transportation on June 30, 1988. The annual premium due under the terms of the policy was $39,248, and IPF agreed to finance $29,436 of that amount. The agreement required Ultimate Transportation to pay IPF $31,002.32 by eight monthly installments with the first installment due before July 30, 1988. The first installment was not received when due and IPF canceled the policy. IPF notified the defendants Midwestern and Northland of the cancellation. On October 3, 1988, IPF formally requested Midwestern and/or Northland to return the gross unearned premium due under the policy directly to IPF. The defendants Midwestern and Northland steadfastly deny that any part of the original premium was ever paid to them.

IPF asserts on appeal that the trial court erred in denying its motion for partial summary judgment against the defendants Northland and Midwestern, and in sustaining the motion for summary judgment by the defendants against IPF because as to its claim for negligence *per se*, there was no genuine issue of material fact and so IPF was entitled to judgment as a matter of law. This composite point asserts as premise: "the undisputed facts of this case irrefutably show that Northland violated § 364.135 and was thereby negligent *per se* when it failed acquiring premium finance agreements from

and refused to return the $32,262.00 unearned premium at issue in this case to IPF."

Section 364.135 provides:

Whenever a financed insurance contract is canceled, the insurer shall return whatever gross unearned premiums are due under the insurance contract directly to the premium finance company for the account of the insured or insureds as soon as reasonably possible, but in no event later than sixty days after the effective date of cancellation. In the event that the crediting of return premiums to the account of the insured results in a surplus over the amount due from the insured, the premium finance company shall refund such excess to the insured, provided that no such refund shall be required if it amounts to less than one dollar.

█ The right to summary judgment is established "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c). The summary judgment procedure, therefore, "is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371, at 376 (Mo. banc 1993). The legal right to judgment for the claimant IPF, as movant under Rule 74.04(a) and (c), depends as an antecedent matter upon whether § 364.135 invests a new civil cause of action in favor of a premium finance company and, if so, whether the movant established that there is no genuine issue as to the material facts that make up the substantive cause of action upon which the claimant has the burden of persuasion at trial. The statute that IPF invokes as the source for right of redress from defendants Northland and Midwestern creates a criminal offense. Section 364.160 of the enactment provides: "Any *premium finance company* willfully and knowingly violating the provisions of sections 364.100 to 364.160 other premium finance companies."

[the Premium Finance Companies law] shall be guilty of a class A misdemeanor." [Emphasis added.]

A set of conduct may at once constitute a criminal offense and a civil wrong subject to private redress. *Tanner v. Gash,* 583 S.W.2d 269, 271[3–5] (Mo.App.1979). The general rule allows a tort action, independently of any right at common law, where a breach of the criminal statute causes a special private injury and where the intent of the criminal law to allow such a recovery is clear. *Id.* at n. 4. The rationale is one of *duty:* that is, a criminal statute imposes a duty to the public protection which, when breached and proximately causes specific private injury, does not preclude a civil action for damages even though violation imposes a public penalty. *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122, 126[6] (Mo. banc 1956).

It is also settled that the violation of a statute, which is shown to be the proximate cause of the injury, is negligence *per se. Downing v. Dixon,* 313 S.W.2d 644, 650[4–11] (Mo.1958). In order for the violation of a statute to constitute actionable negligence, however, not only must the injured party be within the class of persons intended to be protected thereby, but the injury must be of such character as the statute was designed to prevent, and the violation of statute must be the proximate cause of the injury. *Endicott v. St. Regis Invest. Co.,* 443 S.W.2d 122, 125[1, 2] (Mo.1969); *Hartenbach v. Johnson,* 628 S.W.2d 684, 687[1] (Mo.App.1982). A private right will not be implied, nevertheless, when it does not promote or accomplish the primary goals of the statute. *Shqeir v. Equifax, Inc.,* 636 S.W.2d 944, 948[2–4] (Mo. banc 1982); *Vandeven v. Seabaugh,* 753 S.W.2d 46, 47[1, 2] (Mo.App.1988). "When the Legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent." *Shqeir v. Equifax, Inc.,* 636 S.W.2d at 948.

There are neither express terms nor clear implication in the § 364.135 component of the Premium Finance Companies Law of a legislative intent to endow a premium finance company with a private cause of action, independently of the common law, against an insurer for the violation of that section. The scheme of the Premium Finance Companies Law, rather than to protect a premium finance company against the defaults of an insurer, is decidedly a disposition to protect the public against the defaults of the premium finance company. It is in most measure a scheme of licensure, regulation and discipline of premium finance companies. *See* §§ 364.105; 364.110; 364.115; 364.120; 364.-130. And whereas discrete section 364.135 imposes the obligation upon the insurer to "return whatever gross unearned premiums are due directly to the premium finance company for the account of the insured," the criminal penalty for violations of any of the sections of the Law falls upon the premium finance company only. § 364.160. The private remedy against the *insurer* contended for by the premium finance company, therefore, does not subserve the primary goals of the enactment, and will not be implied as an intendment of the Law. *Shqeir v. Equifax, Inc.,* 636 S.W.2d at 948[2–4]; *Christy v. Petrus,* 295 S.W.2d at 128[6].

It is the substantive law that identifies which facts are material to a claim, and thereby determines which facts are critical and which facts are not relevant to the summary judgment adjudication. *American Family Mut. Ins. Co. v. Lacy,* 825 S.W.2d 306, 313 (Mo.App.1991). We have determined that, as a matter of substantive law, the directive of § 364.135 that "the insurer shall return whatever gross unearned premiums are due under the insurance contract directly to the premium finance company for the account of the insured," does not create a duty of care by the insurer to the premium finance company and, concomitantly, that a breach of that directive does not render the insurer negligent *per se.* Accordingly, the pleading of Count I of the IPF is not justiciable, and therefore is not a *claim* amenable to summary judgment under Rule 74.04(a).

The denial of the IPF motion for partial summary judgment as to Count I of its petition is sustained. The motions of defendants Northland and Midwestern for summary judgment as to both Count I, a recovery for damages incurred caused by the *per se* negligence of the defendants insurer and agent in failing to return the gross unearned premium due IPF as directed by

statute, and Count II, a recovery for punitive damages on the theory that the negligence *per se* of the defendants manifested a reckless indifference to the rights of the plaintiff IPF are also sustained. There can be no recovery for punitive damages without an award for actual damages. *Coonis v. Rogers,* 429 S.W.2d 709, 716[16, 17] (Mo.1968). The defending parties to the motion for partial summary judgment, the insurer and agent, have shown in response that Count I of the IPF claim may not be maintained as a matter of law. Rule 74.04(c). The concomitant follows, also as a matter of law, that dependent Count II may not be maintained by the plaintiff IPF. That was the purpose of the motions for summary judgment brought by Northland and Midwestern as defending parties. Rule 74.04(b). The grant of summary judgment on the motions of the defendants was proper.

The judgment is affirmed.

All concur.